

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 15 2006

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

| | | |
|---|---|---|
| BLANCA VALENZUELA, MARGIE SALAZAR, JOSE A. SERRATO, JOSIE RENDON, CLARA TOVAR, CONSUELO ESPINO, MARIA AVILA, ERNESTINA NAVARRETTE, MARIA E. MUNOZ, AMANDA SALCIDO, CANDELARIO G. ORTEGA, MARIA ORTIZ, JOSE OLIVA, RAFAELA CHAVEZ, ELODIA ARROYO, SUSANA CARDIEL, GRACIE RIOS, AND LEONEL RUIZ | § § § § § § § § § § § | |
| *Plaintiffs,* | § § § § § | **3 - 06 C V 2 3 2 2 - N**<br><br>Civil Action No. _____ |
| VS. | § § § § § § | |
| SWIFT BEEF COMPANY, INC. D/B/A SWIFT COMPANY, HICKS, MUSE, TATE & FURST, INC. and JOHN DOES I-V | § § § § § § § | |
| *Defendants* | § § | |

**ORIGINAL COMPLAINT**

**TO THE HONORABLE COURT:**

Plaintiffs, Blanca Valenzuela, Margie Salazar, Jose A. Serrato, Josie Rendon, Clara Tovar, Consuelo Espino, Maria Avila, Ernestina Navarrette, Maria E. Munoz, Amanda Salcido, Candelario G. Ortega, Maria Ortiz, Jose Oliva, Rafaela Chavez, Elodia Arroyo, Susana Cardiel, Gracie Rios, and Leonel Ruiz (hereinafter referred to herein collectively as "Plaintiffs"), bring this lawsuit against Defendants, Swift Beef Company, Inc. d/b/a Swift Company, Hicks, Muse, Tate & Furst, Inc. and John Does I-V for damages under the laws of the United States and the State of Texas and would

respectfully show unto the Court as follows:

## I.

## PARTIES

1.   Plaintiff Blanca Valenzuela is a resident of Moore County, Texas.

2.   Plaintiff Margie Salazar is a resident of Moore County, Texas.

3.   Plaintiff Jose A. Serrato is a resident of Moore County, Texas.

4.   Plaintiff Josie Rendon is a resident of Moore County, Texas.

5.   Plaintiff Clara Tovar is a resident of Moore County, Texas.

6.   Plaintiff Consuelo Espino is a resident of Moore County, Texas.

7.   Plaintiff Maria Avila is a resident of Moore County, Texas.

8.   Plaintiff Ernestina Navarrette is a resident of Moore County, Texas.

9.   Plaintiff Maria E. Munoz is a resident of Moore County, Texas.

10.  Plaintiff Amanda Salcido is a resident of Moore County, Texas.

11.  Plaintiff Candelario G. Ortega is a resident of Moore County, Texas.

12.  Plaintiff Maria Ortiz is a resident of Moore County, Texas.

13.  Plaintiff Jose Oliva is a resident of Moore County, Texas.

14.  Plaintiff Rafaela Chavez is a resident of Moore County, Texas.

15.  Plaintiff Elodia Arroyo is a resident of Moore County, Texas.

16.  Plaintiff Susana Cardiel is a resident of Moore County, Texas.

17.  Plaintiff Gracie Rios is a resident of Moore County, Texas.

18.  Plaintiff Leonel Ruiz is a resident of Moore County, Texas.

19.  Defendant Swift Beef Company, Inc. is a Delaware corporation licensed to do business

in the State of Texas and may be served through its registered agent for service of process, C.T.

**ORIGINAL COMPLAINT**                                                                 **Page 2**

Corporation System, at 350 N. St. Paul Street, Dallas, Texas 75201.

20.     Defendant Hicks, Muse, Tate & Furst, Inc. is a Texas corporation doing business in the State of Texas and may be served through its registered agent for service of process, C.T. Corporation System, at 350 N. St. Paul Street, Dallas, Texas 75201.

21.     Upon information and belief, John Does I-V are officers, agents and employees or affiliated persons whose identities have not yet been determined who are employed by or act on behalf of the Defendants and their illegal enterprise (as set forth more fully herein) and who had personally participated in and had the right to supervise, direct and control the wrongful conduct alleged in this Complaint.  Their true and correct legal identities will be added by amendment when properly ascertained.

## II.

## JURISDICTION AND VENUE

22.     This Court has subject matter jurisdiction over the claims made in this lawsuit pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

23.     Venue is proper and appropriate, pursuant to 28 U.S.C. 1391(a)(1) and (2).

## III.

## FACTS

### The Meat Packing Plant

24.     Swift Company is a meat packing facility.

25.     The Defendants jointly own and/or operate Swift Company.

26.     The Plaintiffs have been employed and worked at Swift Company.

### Immigration Status of Plaintiffs

27.     At all times while working at Swift Company, the Plaintiffs had the legal right to do so,

pursuant to the immigration and citizenship laws of the United States.

## Defendants' Wrongful Conduct

28.     During the same period Plaintiffs were working at Swift Company, Swift Company also employed individuals who did not have the legal right to work at Swift Company, pursuant to the immigration and citizenship laws of the United States (hereinafter referred to as the "Illegal Immigrants").

29.     The Defendants hired these Illegal Immigrants to work at Swift Company even though these Illegal Immigrants did not have the legal right to work at Swift Company, pursuant to the immigration and citizenship laws of the United States.

30.     Upon information and belief, the Defendants hired these Illegal Immigrants despite knowing and having actual knowledge that it was in violation of the immigration laws of the United States to do so.

31.     Upon information and belief, the Defendants actively sought to locate these Illegal Immigrants and hire them - knowing full well that it was in violation of the immigration laws of the United States to do so.

32.     The Illegal Immigrants were willing to work for lesser wages at Swift Company than those individuals who had the legal right to work at Swift Company would have been willing to accept and work for had the Defendants not artificially manipulated the labor market.

33.     The Defendants have engaged in numerous criminal acts as they have sought to depress wages of Plaintiffs at their meat-packing plant by employing Illegal Immigrants, to whom Defendants pay substantially lower wages and fewer employment benefits.

34.     The Defendants harbored and concealed Illegal Immigrants in violation of 8 U.S.C. §1324.

35.     The Defendants have transported and smuggled Illegal Immigrants in violation of 8 U.S.C. §1324; and

36.     The Defendants have aided and abetted in harboring, concealing, transporting, and smuggling Illegal Immigrants in violation of section 274 of the Immigration & Nationality Act.

### Defendants' Wrongful Conduct Harmed and Damaged Plaintiffs

37.     The Defendants knew that they could hired the Illegal Immigrants for less wages and at a cheaper cost than hiring individuals who had the legal right to work in the United States.

38.     By hiring the Illegal Immigrants, the Defendants illegally increased the competition for jobs at Swift Company.

39.     By hiring the Illegal Immigrants, the Defendants were able to artificially depress the wages they had to pay to those individuals who the legal right to work in the United States, including the Plaintiffs.

40.     By illegally increasing the competition for jobs at Swift Company, the Defendants were able to pay those individuals who had the legal right to work in the United States, including Plaintiffs, less wages than they otherwise would have had to pay them had the Defendants not engaged in such illegal activity.

41.     The Defendants paid the Plaintiffs, during the time period the Plaintiffs were employed at Swift Company, substantially less in wages than they would have had to pay Plaintiffs if the Defendants had not engaged in the illegal activity of employing Illegal Immigrants and illegally manipulating and depressing the labor market.

### IV.

### CAUSES OF ACTION

### Common Law Fraud (Against all Defendants)

42.     Plaintiffs incorporate paragraphs 24 - 41 as if fully set forth herein for all purposes.

43.     Defendants have made material false representations regarding the immigration status of the persons they employed at Swift Company.

44.     Defendants have specifically represented that all of their employees had the legal right and standing, pursuant to the immigration laws of the United States, to work at Swift Company.

45.     Plaintiffs, in justifiable reliance upon Defendants' false representations, accepted wages to work at Swift Company that were less than they otherwise would have been had Defendants not engaged in such an unlawful scheme to manipulate the labor market and depress wages.

46.     Defendants' fraud has proximately caused Plaintiffs to suffer significant actual damages in an amount not yet determined.

47.     Defendants have been unjustly enriched by their fraud and Plaintiffs are entitled to an accounting and a recovery of Defendants' gains derived from their fraudulent scheme.

### Civil Conspiracy (Against All Defendants)

48.     Plaintiffs incorporate paragraphs 24 - 41 as if fully set forth herein for all purposes.

49.     Upon information and belief, Defendants have engaged and participated with agents, brokers and other individuals in an effort to intentionally violate the immigration laws of the United States and employ Illegal Immigrants for the specific purpose of lessening its labor costs and increasing its profits.

50.     Defendants and their co-conspirators have acted in combination to wrongfully and illegally depress and artificially lower the wages paid to individuals at Swift Company who had the legal right to work in the United States, including the Plaintiffs.

51.     This conspiracy by the Defendants was committed with malice and specific intent to harm the individuals who had the legal right to work at Swift Company, including Plaintiffs.

52.     Defendants have been unjustly enriched by their conspiracy to illegally and artificially lower the wages of those individuals who had the legal right to work at Swift Company and Plaintiffs

have been damaged as a result of such conspiracy.

53.     As a direct and proximate cause the civil conspiracy of the Defendants, Plaintiffs have been injured and damaged in an amount not yet determined and is entitled to the recovery of such actual damages.

54.     Because of Defendants' malicious and intentional conspiracy to harm Plaintiffs, Plaintiffs seek, in addition to any actual damages awarded, the imposition of exemplary damages against the Defendants, in the collective amount of Twenty-Three Million Dollars ($23,000,000), in an attempt to deter Defendants (and others similarly situated as Defendants) from engaging in this type of conduct in the future.

## RICO Violation (Against Defendants and Does I-V)

55.     Plaintiffs incorporate paragraphs 24 - 41 as if fully set forth herein for all purposes.

56.     Defendants' and Does' (hereinafter "the RICO Defendants) activities alleged herein are conducted in violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961, *et seq.*

57.     The RICO Defendants are each "persons" capable of holding a legal or beneficial interest in property within the meaning of 18 U.S.C. § 1961(3).

58.     In hiring Illegal Immigrants and thereby artificially depressing the labor market, as set forth herein, the RICO Defendants associated themselves in managing an enterprise that grossly affected interstate commerce through a pattern of racketeering activity.  The activity of the RICO Defendants constitute an ongoing scheme to defraud those persons who had the legal right to work at Swift Company, including the Plaintiffs.   Each of the RICO Defendants is liable to Plaintiffs as a principal in the scheme.  Each of the RICO Defendants is additionally liable to Plaintiffs for any and all acts of its employees or agents under the doctrine of respondeat superior and principles of agency.

59.     In furtherance of their scheme, the RICO Defendants have knowingly, willfully and

unlawfully engaged in a pattern of fraudulent and illegal conduct to defraud and artificially depress the labor market, including repeated violation of The Illegal Immigration Reform and Immigration Responsibility Act of 1996.

60.     Each separate use of the United States mails or interstate wire communications in furtherance of the RICO Defendants' fraud and scheme constitutes a racketeering activity under 18 U.S.C. § 1961 (1)(B).

61.     Each separate violation of The Illegal Immigration Reform and Immigration Responsibility Act of 1996 in furtherance of the Rico Defendants' fraud and scheme constitutes a racketeering activity under 18 U.S.C. § 1961 (1)(B).

62.     The RICO Defendants have committed at least two acts of racketeering activity not separated by more than ten years since the enactment of RICO. The RICO Defendants' ongoing and systematic efforts to defraud those individuals who had the legal right to work at Swift Company, including Plaintiffs, pose a threat of ongoing and continuing illegal activity. The RICO Defendants are engaged in a pattern of racketeering activity under U.S.C § 1961(5).

63.     The RICO Defendants were, at all times relevant, engaged in an enterprise as that term in defined in 18 U.S.C. § 1961 (4) and engages in (and its activities affect) interstate commerce by, but not limited to the transportation of Illegal Immigrants across the borders of the United States and by and between different states of the United States and by the processing and selling of meat across the United States that was processed as a result of the illegal scheme to manipulate and depress the labor market.

64.     The RICO Defendants have, as set forth herein, engaged in a pattern of racketeering activity in connection with the acquisition, establishment, conduct or control of their joint enterprise.

65.     The RICO  Defendants have increased their profits and received specific financial income from their racketeering activity described herein - namely in the scheme to manipulate and

depress the labor market - and have used or invested that income or proceeds of that income in the operation of or acquisition of an interest in an enterprise engaged in, or the activities of which affect, interstate commerce in violation of 18 U.S.C. § 1962(a).

66.     By manipulating and controlling the labor market, The RICO Defendants have acquired or maintained and interest in, or control of, an enterprise affecting interstate commerce through their pattern of racketeering activity in violation of 18 U.S.C. § 1962(b).

67.     The RICO Defendants have been employed or associated with an enterprise, namely Swift Company, which is engaged in, or the activities of which affect, interstate commerce and have conducted or participated in the conduct of that enterprise's affairs through the pattern of racketeering activity described herein in violation of 18 U.S.C. § 1962(c).

68.     Each of the RICO Defendants participated as a principal in the pattern of racketeering activity.

69.     As a direct and proximate cause of the racketeering activity of the RICO Defendants, as set forth herein, and as a result of the violations of 18 U.S.C. § 1962(a), (b) & (c), Plaintiffs have been injured in their employment and economic interests in an amount not yet determined and is entitled to three times its actual damages and the costs of this suit, including reasonable attorneys' fees.

**V.**

**REQUESTED RELIEF**

**WHEREFORE,** Plaintiffs respectfully request that, upon final trial of this matter, a judgment as follows:

A.     That the Court enter a judgment against the Defendants that they have:

(1)     committed fraud upon Plaintiffs, and did so knowingly, intentionally and with malice;

(2)     conspired to wrongfully and illegal manipulate and depress the labor market,

and did so knowingly, intentionally and with malice; and

(3)     violated RICO, 18 U.S.C. § 1961, *et seq.*, and did so knowingly, intentionally and with malice;

B.     That the Court orders the Defendants to pay, jointly and severally, the following:

(1)     Actual economic damages in an amount within the jurisdictional limits of the Court;

(2)     Threefold the economic damages as allowed by 18 U.S.C. § 1964;

(3)     The amount equal to all profits unlawfully earned by Defendants as a result of their unlawful conduct;

(4)     Exemplary damages in the amount of Twenty-Three Million Dollars ($23,000,000);

(5)     Pre-Judgment Interest as provided by law;

(6)     Attorney's Fees;

(7)     Costs of Suit;

(8)     Post-Judgment interest as provided by law; and

(9)     Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully Submitted,

Michael E. Heygood
State Bar No. 00784267
Claudia Cano
State Bar No. 00793458
Angel Reyes, III
State Bar No. 00784835
**HEYGOOD, ORR, REYES & BARTOLOMEI**
2331 W. Northwest Highway, 2nd Floor
Dallas, Texas 75220
214/526-7900
214/526-7910 (Fax)

Domingo A. Garcia
State Bar No. 07631950
Paul R. Hornung
State Bar No. 00795831
**LAW OFFICE OF DOMINGO GARCIA, P.C.**
1107 W. Jefferson Blvd.
Dallas, Texas 75208-5145
(214) 941-8300
(214) 943-7536 (Fax)


**ATTORNEYS FOR PLAINTIFFS**

ℛJS 44 (Rev. 10/06)

ORIGINAL

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Blanca Valenzuela, Margie Salazar, Candelario Ortega, Maria Avila, Gracie Rios, Ernestina Navarrette, Amanda Salido, Jose Serrato, Dora Tovar, Maria Munoz, Josie Rendon, Consuela Espino, Maria Ortiz, Jose Oliva, Rafaela Chavez, Elodia Arroyo, Susana Cordiel & Leonal Ruiz

## DEFENDANTS

Swift Beef Company, Inc. d/b/a Swift Company & Hicks, Muse, Tate & Furst, Inc. and John Does I-V

**(b)** County of Residence of First Listed Plaintiff MOORE COUNTY
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Dallas
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael Haygood, Heygood, Orr, Reyes & Bartolomei
2331 W. Northwest Hwy. 2nd Floor
Dallas TX 75220      (214) 526-7900

Attorneys (If Known)

3-06CV2322-N

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

RECEIVED
DEC 1 5 2006
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☒1 | Incorporated or Principal Place of Business In This State | ☐4 | ☒4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☒ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: RICO Action and other state law claims

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) PENDING OR CLOSED

(See instructions):

NONE

JUDGE _____ DOCKET NUMBER _____

DATE 12-15-06

SIGNATURE OF ATTORNEY OF RECORD _Michael E. Heygood_

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**18 Plaintiffs**

Margie Salazar
Candelario Ortega
Blanca Valenzuela
Maria A. Avila
Gracie Rios
Ernestina Navarrete
Amanda Salcido
Jose A. Serrato
Clara Tovar
Maria Munoz
Josie Rendon
Consuelo Espino
Maria Ortiz
Jose Oliva
Rafaela Chavez
Elodia Arroyo
Susana Cardiel
Leonel Ruiz