**Sherman & Howard** L.L.C.

ATTORNEYS & COUNSELORS AT LAW
633 SEVENTEENTH STREET, SUITE 3000
DENVER, COLORADO 80202
TELEPHONE: (303) 297-2900
FAX: (303) 298-0940
OFFICES IN: COLORADO SPRINGS
PHOENIX • RENO • LAS VEGAS

Robert E. Youle
Direct Dial Number: (303) 299-8452
E-mail: ryoule@shermanhoward.com

July 14, 2008

BY EMAIL & OVERNIGHT MAIL

Eric D. Pearson, Esq.
Heygood, Orr, Reyes, Pearson & Bartolomei
2331 W. Northwest Hwy, Second Floor
Dallas, Texas 75220

Re:  **Valenzuela, et al. v. Swift Beef Co., Inc. et al., Case No. 3-06CV2322-N: Discovery Issues Related to Border Management Strategies**

Dear Eric:

I am writing in response to Plaintiffs' (i) Subpoena served on Mark Reed of Border Management Strategies, LLC ("BMS"); (ii) notice to take Mr. Reed's deposition, which currently is scheduled for July 24, 2008; and (iii) purported designation of Mr. Reed as a "non-retained" rebuttal expert.

In March of 2006, Swift's counsel, Vinson & Elkins, LLP ("V&E"), engaged Mr. Reed as a consulting expert to assist it in providing legal services to Swift. Specifically, Mr. Reed and his company, BMS, were engaged by V&E to perform an investigation and provide V&E with an understanding of Swift's recruitment and hiring practices and their relation to immigration and employment laws. Further, V&E relied on Mr. Reed to help formulate a legal strategy to address matters concerning any enforcement actions that might be taken by U.S. Immigration and Customs Enforcement ("ICE"). Consequently, many of BMS' documents related to, and communications with, Swift and its counsel, as well as facts and opinions acquired by BMS in connection with its investigation, are protected by the attorney-client privilege, work product doctrine and/or consultative expert privilege

On behalf of Swift, I have instructed Mr. Reed not to provide any documents in response to the subpoena that are protected by the foregoing privileges. I understand that Mr. Reed intends to submit a written objection to the subpoena, thereby suspending Mr. Reed's obligation to produce the privileged documents. *See* Fed. R. Civ. P. 45. Swift does not object to the production of non-privileged documents and, pursuant to our agreement, I will send those documents to you via overnight mail on July 15th. Further, I will send you a copy of a privilege log which reflects the documents that are being withheld on grounds of privilege.

APP   40

# Sherman & Howard L.L.C.

Eric D. Pearson, Esq.
Re: *Valenzuela vs. Swift*
July 14, 2008
Page 2


  Prior to October 19, 2006, all work that BMS and Mr. Reed performed on behalf of Swift was performed to assist Swift and its counsel in providing legal advice. After October of 2006, BMS continued its privileged work, but also began to perform some non-privileged, but confidential work on behalf of Swift. Documents relating to that work are not being withheld. At Mr. Reed's deposition, Swift's counsel will object to any questions that, if answered, would invade the applicable privileges. Accordingly, the scope of Mr. Reed's deposition must be limited to the foundational facts surrounding V&E's engagement of BMS and Mr. Reed as a consulting expert, and any other non-privileged matters.

  In light of this limited scope, or if you intend to challenge Swift's position on privilege, please let me know if you still wish to proceed with Mr. Reed's deposition and the terms under which you would agree to proceed.

  Finally, Swift objects to Plaintiffs' purported designation of Mr. Reed as a "non-retained" rebuttal expert. Mr. Reed is not and cannot be a "non-retained" expert for purposes of this litigation. Mr. Reed was retained as a consulting expert to assist in providing legal services to Swift. Accordingly, his purported expert testimony in this case would invade the attorney-client privilege, the work product doctrine and the consultative expert privilege. In light of the foregoing, please let me know whether Plaintiffs will agree to withdraw their designation of Mr. Reed as a rebuttal expert. If not, Swift will file an objection to such designation.

            Sincerely,

            Robert E. Youle

/rey
cc: Mr. Mark Reed