## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| BLANCA VALENZUELA, MARGIE SALAZAR, JOSE A. SERRATO, JOSIE RENDON, CLARA TOVAR, CONSUELO ESPINO, MARIA AVILA, ERNESTINA NAVARRETTE, MARIA E. MUNOZ, AMANDA SALCIDO, CANDELARIO G. ORTEGA, MARIA ORTIZ, JOSE OLIVA, RAFAELA CHAVEZ, ELODIA ARROYO, SUSANA CARDIEL, GRACIE RIOS, AND LEONEL RUIZ, individually and on behalf of all others similarly situated **Plaintiffs** | § § § § § § § § § § § § § § |
| **v.** | § § § |
| **SWIFT BEEF COMPANY, INC. D/B/A SWIFT COMPANY and SWIFT & COMPANY,** **Defendants** | § § § § § § |

### SWIFT'S RESPONSES TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION TO DEFENDANTS SWIFT BEEF COMPANY, INC. D/B/A SWIFT COMPANY AND SWIFT & CO.

Defendants Swift and Company and Swift Beef Company (collectively, "Swift"), pursuant to Federal Rule of Civil Procedure 34, hereby submit their responses to the Putative Class Representatives' Second Request for Production ("Requests") as follows:

## I. OBJECTIONS

Swift makes the following general objections to Plaintiffs' Requests and incorporates these general objections into each of its individual responses.

Swift objects to any Request that seeks privileged information, including, but not limited to, information or material protected by the attorney-client privilege, work product doctrine and/or consulting expert privilege.

Swift objects to any Request to the extent it is overbroad, vague, ambiguous and unduly burdensome.

Swift objects to any Request that assumes a certain state of facts to be true that has not been stipulated to or demonstrated to be true.

Swift objects to any Request that explicitly or implicitly calls for, requires, requests or is based upon a legal conclusion.

Swift objects to any Request to the extent it fails to describe the information sought with reasonable particularity as required by the Federal Rules of Civil Procedure.

Swift objects to any Request to the extent it calls for information not available to Swift or not within Swift's possession, custody or control.

Swift objects to any Request to the extent that it is not limited in time so as to be reasonably related to the allegations, issues, incidents and contentions of this matter.

Swift objects to any Request to the extent the information sought calls for an expert opinion that is properly the subject of a disclosure and report pursuant to Fed. R. Civ. P. 26(a)(2). Swift will make those disclosures as may be necessary pursuant to the Federal Rules of Civil Procedure and the Court's Class Certification Scheduling Order.

Swift objects to the extent that any Request seeks information not currently known to Swift or not currently within Swift's possession, custody or control due to the fact that discovery is ongoing.

Swift objects to the extent that the burden or expense of responding to any Request outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake and the importance of discovery in resolving the issues.

Swift objects to the extent any Request seeks the production of information previously sought and provided in response to any Interrogatory or Request for Production served by Plaintiffs. To the extent any Request is duplicative with a previously served discovery, Swift will rely on its previous response to the Interrogatory or Request for Production, as more fully set forth herein.

Swift objects to the extent any Request seeks documents containing employee social security numbers. Social security numbers are irrelevant to the issue of class certification, will not lead to the discovery of admissible evidence, are subject to reasonable expectations of privacy, and are protected from disclosure by law. Therefore, any responsive document containing social security numbers will be produced with the numbers redacted.

Swift objects to the extent any Request seeks the production of each and every responsive document in Swift's possession, custody or control, and is not limited to requesting the production of material, responsive documents. Swift has made and will continue to make reasonable efforts to produce documents, data, information and things that are responsive to each Request. Swift, however, is not under any obligation to produce each and every document in its possession, custody or control, so long as it provides material documents, data, information or things in its possession, custody or control that are responsive to the particular Request.

Pursuant to the Court's January 16, 2008 Class Certification Scheduling Order, Swift objects to the extent any Request seeks information related to merits discovery and is not limited to class certification issues.

## II. REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents relating or referring to BMS.

### RESPONSE:

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Subject to this objection, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

### REQUEST FOR PRODUCTION NO. 2:

All documents relating or referring to Swift's actual or potential employment of illegal aliens.

### RESPONSE:

Swift objects to this Request to the extent it suggests Swift knowingly employs or has employed illegal aliens. Swift also objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Further, Swift objects on the grounds this Request is duplicative of Request for Production Nos. 22, 23, 24, 25, 26 and 31 set forth in Plaintiffs' First Request for Production, and therefore this Request is unduly burdensome, harassing and not designed to lead to the discovery of admissible evidence. To the extent responsive documents have been previously produced pursuant to the Requests identified above, they will not be re-produced in response to this Request. Swift objects to the extent any responsive documents contain employee social security numbers. Social security numbers are irrelevant to the issue of class certification, will not lead to the discovery of admissible evidence, are subject to reasonable

expectations of privacy, and are protected from disclosure by law. Therefore, any responsive document containing social security numbers will be produced with the numbers redacted. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

## REQUEST FOR PRODUCTION NO. 3:

All documents relating or referring to any attempts to detect illegal aliens seeking employment at Swift.

## RESPONSE:

Swift objects to this Request to the extent it is duplicative of other Requests set forth in Plaintiffs' Second Request for Production, rendering this Request unduly burdensome, harassing and not designed to lead to the discovery of admissible evidence. Swift also objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Further, Swift objects on the grounds this Request is duplicative of Request for Production Nos. 28, 30 and 32 set forth in Plaintiffs' First Request for Production, and therefore this Request is again unduly burdensome, harassing and not designed to lead to the discovery of admissible evidence. To the extent responsive documents have been previously produced pursuant to the Requests identified above, they will not be re-produced in response to this Request. Swift objects to the extent any responsive documents contain employee social security numbers. Social security numbers are irrelevant to the issue of class certification, will not lead to the discovery of admissible evidence, are subject to reasonable expectations of privacy, and are protected from disclosure by law. Therefore, any responsive document containing social security numbers will be produced with the numbers redacted. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

## REQUEST FOR PRODUCTION NO. 4:

All documents relating or referring to any attempts to detect illegal aliens employed at Swift.

## RESPONSE:

Swift objects to this Request to the extent it is duplicative of other Requests set forth in Plaintiffs' Second Request for Production, rendering this Request unduly burdensome, harassing and not designed to lead to the discovery of admissible evidence. Swift also objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege.

Further, Swift objects on the grounds this Request is duplicative of Request for Production No. 28, set forth in Plaintiffs' First Request for Production, and therefore this Request is again unduly burdensome, harassing and not designed to lead to the discovery of admissible evidence. To the extent responsive documents have been previously produced pursuant to Request No. 28, they will not be re-produced in response to this Request. Swift objects to the extent any responsive documents contain employee social security numbers. Social security numbers are irrelevant to the issue of class certification, will not lead to the discovery of admissible evidence, are subject to reasonable expectations of privacy, and are protected from disclosure by law. Therefore, any responsive document containing social security numbers will be produced with the numbers redacted. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

**REQUEST FOR PRODUCTION NO. 5:**

All documents relating to Swift's policies and procedures for detecting illegal aliens seeking employment at Swift.

**RESPONSE:**

Swift objects to this Request to the extent it is duplicative of other Requests set forth in Plaintiffs' Second Request for Production, rendering this Request unduly burdensome, harassing and not designed to lead to the discovery of admissible evidence. Swift also objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Further, Swift objects on the grounds this Request is duplicative of Request for Production No. 20 set forth in Plaintiffs' First Request for Production, and therefore this Request is again unduly burdensome, harassing and not designed to lead to the discovery of admissible evidence. To the extent responsive documents have been previously produced pursuant to the Request identified above, they will not be re-produced in response to this Request. Swift objects to the extent any responsive documents contain employee social security numbers. Social security numbers are irrelevant to the issue of class certification, will not lead to the discovery of admissible evidence, are subject to reasonable expectations of privacy, and are protected from disclosure by law. Therefore, any responsive document containing social security numbers will be produced with the numbers redacted. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

**REQUEST FOR PRODUCTION NO. 6:**

All documents relating to Swift's policies and procedures for detecting illegal aliens employed at Swift.

**RESPONSE:**

Swift objects to this Request to the extent it suggest Swift knowingly employs or has employed illegal aliens. Swift also objects to this Request to the extent it is duplicative of other Requests set forth in Plaintiffs' Second Request for Production, rendering this Request unduly burdensome, harassing and not designed to lead to the discovery of admissible evidence. Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Further, Swift objects on the grounds this Request is duplicative of Request for Production No. 28, set forth in Plaintiffs' First Request for Production, and therefore this Request is again unduly burdensome, harassing and not designed to lead to the discovery of admissible evidence. To the extent responsive documents have been previously produced pursuant to the Request identified above, they will not be re-produced in response to this Request. Swift objects to the extent any responsive documents contain employee social security numbers. Social security numbers are irrelevant to the issue of class certification, will not lead to the discovery of admissible evidence, are subject to reasonable expectations of privacy, and are protected from disclosure by law. Therefore, any responsive document containing social security numbers will be produced with the numbers redacted. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

**REQUEST FOR PRODUCTION NO. 7:**

All communications or correspondence between you and BMS from January 1, 2005 to the present.

**RESPONSE:**

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift also objects to this Request to the extent it is duplicative of other Requests set forth in Plaintiffs' Second Request for Production, particularly Request for Production No. 1, rendering this Request unduly burdensome, harassing and not designed to lead to the discovery of admissible evidence. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

**REQUEST FOR PRODUCTION NO. 8:**

All documents relating or referring to Swift's policies and procedures for ensuring compliance with U.S. immigration laws with respect to the hiring of illegal aliens.

**RESPONSE:**

Swift objects to this Request as vague and confusing to the extent it suggests Swift knowingly hires illegal aliens and attempts to comply with U.S. immigration laws as it does so. Swift also objects to this Request to the extent it is duplicative of other Requests set forth in Plaintiffs' Second Request for Production, rendering this Request unduly burdensome, harassing and not designed to lead to the discovery of admissible evidence. Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Further, Swift objects on the grounds this Request is duplicative of Request for Production No. 30, set forth in Plaintiffs' First Request for Production, and therefore this Request is again unduly burdensome, harassing and not designed to lead to the discovery of admissible evidence. To the extent responsive documents have been previously produced pursuant to the Request identified above, they will not be re-produced in response to this Request. Swift objects to the extent any responsive documents contain employee social security numbers. Social security numbers are irrelevant to the issue of class certification, will not lead to the discovery of admissible evidence, are subject to reasonable expectations of privacy, and are protected from disclosure by law. Therefore, any responsive document containing social security numbers will be produced with the numbers redacted. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

**REQUEST FOR PRODUCTION NO. 9:**

All documents relating or referring to Swift's policies and procedures for ensuring compliance with U.S. immigration laws with respect to the employment of illegal aliens.

**RESPONSE:**

Swift objects to this Request as vague and confusing to the extent it suggests Swift knowingly employs illegal aliens and attempts to comply with U.S. immigration laws as it does so. Swift also objects to this Request to the extent it is duplicative of other Requests set forth in Plaintiffs' Second Request for Production, rendering this Request unduly burdensome, harassing and not designed to lead to the discovery of admissible evidence. Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Further, Swift objects on the grounds this Request is duplicative of Request for Production Nos. 30 and 32, set forth in Plaintiffs' First Request for Production, and therefore this Request is again unduly burdensome,

harassing and not designed to lead to the discovery of admissible evidence. To the extent responsive documents have been previously produced pursuant to the Requests identified above, they will not be re-produced in response to this Request. Swift objects to the extent any responsive documents contain employee social security numbers. Social security numbers are irrelevant to the issue of class certification, will not lead to the discovery of admissible evidence, are subject to reasonable expectations of privacy, and are protected from disclosure by law. Therefore, any responsive document containing social security numbers will be produced with the numbers redacted. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

## REQUEST FOR PRODUCTION NO. 10:

All documents relating or referring to BMS's recommendations to Swift for ensuring compliance with U.S. immigration laws with respect to the hiring of illegal aliens.

## RESPONSE:

Swift objects to this Request as vague, confusing and illogical to the extent it suggests Swift knowingly hires illegal aliens and attempts to comply with U.S. immigration laws as it does so. Swift further objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift also objects to this Request to the extent it is duplicative of other Requests set forth in Plaintiffs' Second Request for Production, particularly Request for Production Nos. 1, 11, 12, 13 and 14, rendering this Request unduly burdensome, harassing and not designed to lead to the discovery of admissible evidence. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

## REQUEST FOR PRODUCTION NO. 11:

All documents relating or referring to BMS's recommendations to Swift for ensuring compliance with U.S. immigration laws with respect to the employment of illegal aliens.

## RESPONSE:

Swift objects to this Request as vague, confusing and illogical to the extent it suggests Swift knowingly employs illegal aliens and attempts to comply with U.S. immigration laws as it does so. Swift further objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift also objects to this Request to the extent it is duplicative of

other Requests set forth in Plaintiffs' Second Request for Production, particularly Request for Production Nos. 1, 10, 12, 13 and 14, rendering this Request unduly burdensome, harassing and not designed to lead to the discovery of admissible evidence. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

### REQUEST FOR PRODUCTION NO. 12:

All documents relating or referring to BMS's recommendations to Swift for ensuring compliance with U.S. immigration laws with respect to the employment of illegal aliens.

**RESPONSE:**

Swift objects to this Request as duplicative of Request for Production No. 11. Swift's response to this Request is set forth in response to Request for Production No. 11.

### REQUEST FOR PRODUCTION NO. 13:

All documents relating or referring to BMS's recommendations to Swift for detecting illegal aliens seeking employment at Swift.

**RESPONSE:**

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift also objects to this Request to the extent it is duplicative of other Requests set forth in Plaintiffs' Second Request for Production, particularly Request for Production Nos. 1, 10, 11, 12 and 14, rendering this Request unduly burdensome, harassing and not designed to lead to the discovery of admissible evidence. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

### REQUEST FOR PRODUCTION NO. 14:

All documents relating or referring to BMS's recommendations to Swift for detecting illegal aliens employed at Swift.

**RESPONSE:**

Swift objects to this Request as vague, confusing and illogical to the extent it suggests Swift knowingly employs illegal aliens. Swift further objects to this Request to the extent it calls for

the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift also objects to this Request to the extent it is duplicative of other Requests set forth in Plaintiffs' Second Request for Production, particularly Request for Production Nos. 1, 10, 11, 12 and 13, rendering this Request unduly burdensome, harassing and not designed to lead to the discovery of admissible evidence. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

## REQUEST FOR PRODUCTION NO. 15:

All documents relating or referring to your views regarding the ability to identify illegal aliens within the workforce at Swift.

### RESPONSE:

Swift objects to this Request to the extent it suggest Swift knowingly employs or has employed illegal aliens. Swift also objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift objects to the extent any responsive documents contain employee social security numbers. Social security numbers are irrelevant to the issue of class certification, will not lead to the discovery of admissible evidence, are subject to reasonable expectations of privacy, and are protected from disclosure by law. Therefore, any responsive document containing social security numbers will be produced with the numbers redacted. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

## REQUEST FOR PRODUCTION NO. 16:

All documents relating or referring to your views regarding the ability to identify illegal aliens within the applicant pool at Swift.

### RESPONSE:

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Subject to this objection, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

### REQUEST FOR PRODUCTION NO. 17:

All documents relating or referring to your views regarding the ability to identify illegal aliens within any workforce in the United States

**RESPONSE:**

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Subject to this objection, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

### REQUEST FOR PRODUCTION NO. 18:

All documents relating or referring to your views regarding the ability to identify illegal aliens within any job applicant pool in the United States.

**RESPONSE:**

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Subject to this objection, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

### REQUEST FOR PRODUCTION NO. 19:

All documents relating or referring to your views regarding the effectiveness of the previous Basic Pilot program in determining whether a particular worker is legally authorized to work in the United States.

**RESPONSE:**

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift objects to the extent any responsive documents contain employee social security numbers. Social security numbers are irrelevant to the issue of class certification, will not lead to the discovery of admissible evidence, are subject to reasonable expectations of privacy, and are protected from disclosure by law. Therefore, any responsive document containing social security numbers will be produced with the numbers redacted. Subject to these

objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

## REQUEST FOR PRODUCTION NO. 20:

All documents relating or referring to your views regarding the effectiveness of the existing E-Verify electronic employment verification system in determining whether a particular worker is legally authorized to work in the United States.

## RESPONSE:

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift objects to the extent any responsive documents contain employee social security numbers. Social security numbers are irrelevant to the issue of class certification, will not lead to the discovery of admissible evidence, are subject to reasonable expectations of privacy, and are protected from disclosure by law. Therefore, any responsive document containing social security numbers will be produced with the numbers redacted. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

## REQUEST FOR PRODUCTION NO. 21:

All documents relating or referring to your views regarding the effectiveness of the IMAGE program in determining whether a particular worker is legally authorized to work in the United States.

## RESPONSE:

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift objects to the extent any responsive documents contain employee social security numbers. Social security numbers are irrelevant to the issue of class certification, will not lead to the discovery of admissible evidence, are subject to reasonable expectations of privacy, and are protected from disclosure by law. Therefore, any responsive document containing social security numbers will be produced with the numbers redacted. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

APP 111

**REQUEST FOR PRODUCTION NO. 22:**

All documents relating or referring to your views regarding the effectiveness of the existing Social Security Number Verification Service in determining whether a particular worker is legally authorized to work in the United States.

**RESPONSE:**

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift objects to the extent any responsive documents contain employee social security numbers. Social security numbers are irrelevant to the issue of class certification, will not lead to the discovery of admissible evidence, are subject to reasonable expectations of privacy, and are protected from disclosure by law. Therefore, any responsive document containing social security numbers will be produced with the numbers redacted. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

**REQUEST FOR PRODUCTION NO. 23:**

All documents relating or referring to your views regarding the effectiveness of the existing Social Security Administration Numident database in determining whether a particular worker is legally authorized to work in the United States

**RESPONSE:**

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift objects to the extent any responsive documents contain employee social security numbers. Social security numbers are irrelevant to the issue of class certification, will not lead to the discovery of admissible evidence, are subject to reasonable expectations of privacy, and are protected from disclosure by law. Therefore, any responsive document containing social security numbers will be produced with the numbers redacted. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

**REQUEST FOR PRODUCTION NO. 24:**

All documents relating or referring to your views regarding the effectiveness of the existing USCIS alien data records in determining whether a particular worker is legally authorized to work in the United States.

**RESPONSE:**

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift objects to the extent any responsive documents contain employee social security numbers. Social security numbers are irrelevant to the issue of class certification, will not lead to the discovery of admissible evidence, are subject to reasonable expectations of privacy, and are protected from disclosure by law. Therefore, any responsive document containing social security numbers will be produced with the numbers redacted. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

**REQUEST FOR PRODUCTION NO. 25:**

All documents relating or referring to your views regarding the effectiveness of reliance on Social Security Administration "no match" letters in determining whether a particular worker is legally authorized to work in the United States

**RESPONSE:**

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift objects to the extent any responsive documents contain employee social security numbers. Social security numbers are irrelevant to the issue of class certification, will not lead to the discovery of admissible evidence, are subject to reasonable expectations of privacy, and are protected from disclosure by law. Therefore, any responsive document containing social security numbers will be produced with the numbers redacted. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

**REQUEST FOR PRODUCTION NO. 26:**

All documents relating or referring to your views regarding the effectiveness of a review of completed I-9 forms in determining whether a particular worker is legally authorized to work in the United States.

**RESPONSE:**

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift objects to the extent any responsive documents contain employee social

security numbers. Social security numbers are irrelevant to the issue of class certification, will not lead to the discovery of admissible evidence, are subject to reasonable expectations of privacy, and are protected from disclosure by law. Therefore, any responsive document containing social security numbers will be produced with the numbers redacted. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

### REQUEST FOR PRODUCTION NO. 27:

All documents relating or referring to your views regarding the effectiveness of relying on a worker's inability to speak the English language in determining whether a particular worker is legally authorized to work in the United States.

### RESPONSE:

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift objects to the extent any responsive documents contain employee social security numbers. Social security numbers are irrelevant to the issue of class certification, will not lead to the discovery of admissible evidence, are subject to reasonable expectations of privacy, and are protected from disclosure by law. Therefore, any responsive document containing social security numbers will be produced with the numbers redacted. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

### REQUEST FOR PRODUCTION NO. 28:

All documents relating or referring to your views regarding the effectiveness of reliance on a comparison of the physical appearance of a job applicant or employee and the purported photograph of such job applicant or employee on their prof[f]erred form of identification in determining whether a particular worker is legally authorized to work in the United States.

### RESPONSE:

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift objects to the extent any responsive documents contain employee social security numbers. Social security numbers are irrelevant to the issue of class certification, will not lead to the discovery of admissible evidence, are subject to reasonable expectations of privacy, and are protected from disclosure by law. Therefore, any responsive document containing social security numbers will be produced with the numbers redacted. Subject to these

objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

## REQUEST FOR PRODUCTION NO. 29:

All documents relating or referring to meetings between you and BMS since January 1, 2005.

### RESPONSE:

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift also objects to this Request to the extent it is duplicative of other Requests set forth in Plaintiffs' Second Request for Production, particularly Request for Production Nos. 1 and 7, rendering this Request unduly burdensome, harassing and not designed to lead to the discovery of admissible evidence. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

## REQUEST FOR PRODUCTION NO. 30:

All documents relating or referring to the employee interviewes [sic] conducted by Swift at the Swift Plants during October and November 2006 and the results of same.

### RESPONSE:

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Subject to this objection, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

## REQUEST FOR PRODUCTION NO. 31:

All documents relating or referring to Swift's review of I-9 forms in October 2006.

### RESPONSE:

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting

expert privilege. Swift also objects to this Request to the extent it is duplicative of other Requests set forth in Plaintiffs' Second Request for Production, particularly Request for Production No. 36, rendering this Request unduly burdensome, harassing and not designed to lead to the discovery of admissible evidence. Swift objects to the extent any responsive documents contain employee social security numbers. Social security numbers are irrelevant to the issue of class certification, will not lead to the discovery of admissible evidence, are subject to reasonable expectations of privacy, and are protected from disclosure by law. Therefore, any responsive document containing social security numbers will be produced with the numbers redacted. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

### REQUEST FOR PRODUCTION NO. 32:

All documents relating or referring to the truth or falsity of Swift's statement that it "retain[ed] I-9 expert auditor, Mark Reed, to review our I-9 records retained by the agency to determine what ICE might be considering" and "Mr. Reed determined that trends and patters may indicate that employees at Marshalltown engaged in identity theft."

### RESPONSE:

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Subject to this objection, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

### REQUEST FOR PRODUCTION NO. 33:

All documents relating to the truth or falsity of Swift's statement that "I understand that the ICE investigation involves review of all I-9 Form information for each employee. ICE then compares information from the I-9 form with information contained in USCIS, SSA, and other databases for each employee, and also looks for reports of wages carried at multiple locations for the same SSN. The result of this review of agency databases could reveal document fraud (use of counterfeit documents) and identity fraud (fraudulent use of valid documents or information belonging to others.)."

### RESPONSE:

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting

expert privilege. Subject to this objection, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

### REQUEST FOR PRODUCTION NO. 34:

All documents relating to the truth or falsity of Swift's statement that "[b]ased on the possible alternatives for reviewing the workforce and our own recent successful and productive review o four workforce at the Marshalltown facility, I believe that there are existing options through which the Swift workforce can be reviewed, while at the same time allowing the Company to mitigate the impact caused by the removal of unauthorized workers."

### RESPONSE:

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Subject to this objection, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

### REQUEST FOR PRODUCTION NO. 35:

All documents relating to the ability or inability to identify current or former members of the workforce employed in the Swift Plants that were not legally authorized to be employed in the United States.

### RESPONSE:

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift also objects to this Request to the extent it is duplicative of other Requests set forth in Plaintiffs' Second Request for Production, particularly Request for Production No. 2, rendering this Request unduly burdensome, harassing and not designed to lead to the discovery of admissible evidence. Swift objects to the extent any responsive documents contain employee social security numbers. Social security numbers are irrelevant to the issue of class certification, will not lead to the discovery of admissible evidence, are subject to reasonable expectations of privacy, and are protected from disclosure by law. Therefore, any responsive document containing social security numbers will be produced with the numbers redacted. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review

the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

## REQUEST FOR PRODUCTION NO. 36:

All documents relating or referring to any review, audit or examination of I-9 forms completed by Swift employees.

## RESPONSE:

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift also objects to this Request to the extent it is duplicative of other Requests set forth in Plaintiffs' Second Request for Production, particularly Request for Production No. 31, rendering this Request unduly burdensome, harassing and not designed to lead to the discovery of admissible evidence. Swift objects to the extent any responsive documents contain employee social security numbers. Social security numbers are irrelevant to the issue of class certification, will not lead to the discovery of admissible evidence, are subject to reasonable expectations of privacy, and are protected from disclosure by law. Therefore, any responsive document containing social security numbers will be produced with the numbers redacted. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

## REQUEST FOR PRODUCTION NO. 37:

All documents relating or referring to the interview of Swift employees suspected of involvement in identity theft and/or suspected of lacking the legal ability to be employed in the U.S. that occurred in late 2006.

## RESPONSE:

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift also objects to this Request to the extent it is duplicative of other Requests set forth in Plaintiffs' Second Request for Production, particularly Request for Production No. 2, rendering this Request unduly burdensome, harassing and not designed to lead to the discovery of admissible evidence. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

**REQUEST FOR PRODUCTION NO. 38:**

All documents relating or referring to the termination of Swift employees suspected of involvement in identity theft and/or suspected of lacking the legal ability to be employed in the U.S. that occurred in late 2006.

**RESPONSE:**

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift also objects to this Request to the extent it is duplicative of other Requests set forth in Plaintiffs' Second Request for Production, particularly Request for Production No. 2, rendering this Request unduly burdensome, harassing and not designed to lead to the discovery of admissible evidence. Swift objects to the extent any responsive documents contain employee social security numbers. Social security numbers are irrelevant to the issue of class certification, will not lead to the discovery of admissible evidence, are subject to reasonable expectations of privacy, and are protected from disclosure by law. Therefore, any responsive document containing social security numbers will be produced with the numbers redacted. Further, Swift objects on the grounds the information sought in this Request was previously the subject of Plaintiffs' Interrogatory No. 2. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

**REQUEST FOR PRODUCTION NO. 39:**

All documents relating or referring to Swift's "Connect the Dots" program.

**RESPONSE:**

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift also objects to this Request to the extent it is duplicative of other Requests set forth in Plaintiffs' Second Request for Production, particularly Request for Production No. 2, rendering this Request unduly burdensome, harassing and not designed to lead to the discovery of admissible evidence. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

**REQUEST FOR PRODUCTION NO. 40:**

All documents relating or referring to any training BMS provided to Swift with respect to the detection of persons not legally entitled to be employed in the U.S.

**RESPONSE:**

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift also objects to this Request to the extent it is duplicative of other Requests set forth in Plaintiffs' Second Request for Production, particularly Request for Production No. 1, rendering this Request unduly burdensome, harassing and not designed to lead to the discovery of admissible evidence. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

**REQUEST FOR PRODUCTION NO. 41:**

All documents relating or referring to any training BMS provided to Swift with respect to the detection of persons engaged in identity theft.

**RESPONSE:**

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift also objects to this Request to the extent it is duplicative of other Requests set forth in Plaintiffs' Second Request for Production, particularly Request for Production No. 1, rendering this Request unduly burdensome, harassing and not designed to lead to the discovery of admissible evidence. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

**REQUEST FOR PRODUCTION NO. 42:**

All documents relating or referring to any training BMS provided to Swift with respect to the detection of forged, fraudulent or stolen identity documents.

**RESPONSE:**

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting

expert privilege. Swift also objects to this Request to the extent it is duplicative of other Requests set forth in Plaintiffs' Second Request for Production, particularly Request for Production No. 1, rendering this Request unduly burdensome, harassing and not designed to lead to the discovery of admissible evidence. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

**REQUEST FOR PRODUCTION NO. 43:**

All documents relating or referring to any audit, review or grading of the performance of the Swift Plants with respect to detecting persons not legally entitled to work in the U.S.

**RESPONSE:**

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift also objects to this Request to the extent it is duplicative of other Requests set forth in Plaintiffs' Second Request for Production, particularly Request for Production No. 2, rendering this Request unduly burdensome, harassing and not designed to lead to the discovery of admissible evidence. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

**REQUEST FOR PRODUCTION NO. 44:**

All training manuals, booklets, pamphlets or other information regarding:

a.   The detection of identity theft.

b.   The detection of forged documents.

c.   The detection of persons not legally entitled to be employed in the U.S.

d.   Compliance with U.S. immigration laws.

**RESPONSE:**

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift also objects to this Request to the extent it is duplicative of other Requests set forth in Plaintiffs' Second Request for Production, particularly Request for

Production No. 2, rendering this Request unduly burdensome, harassing and not designed to lead to the discovery of admissible evidence. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

## REQUEST FOR PRODUCTION NO. 45:

All documents relating or referring to the detection of document fraud.

### RESPONSE:

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift objects to the extent any responsive documents contain employee social security numbers. Social security numbers are irrelevant to the issue of class certification, will not lead to the discovery of admissible evidence, are subject to reasonable expectations of privacy, and are protected from disclosure by law. Therefore, any responsive document containing social security numbers will be produced with the numbers redacted. Subject to this objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

## REQUEST FOR PRODUCTION NO. 46:

All documents relating or referring to the detection of identity theft.

### RESPONSE:

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift objects to the extent any responsive documents contain employee social security numbers. Social security numbers are irrelevant to the issue of class certification, will not lead to the discovery of admissible evidence, are subject to reasonable expectations of privacy, and are protected from disclosure by law. Therefore, any responsive document containing social security numbers will be produced with the numbers redacted. Subject to this objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

**REQUEST FOR PRODUCTION NO. 47;**

All documents relating or referring to the detection of persons not legally entitled to be employed in the U.S.

**RESPONSE:**

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift objects to the extent any responsive documents contain employee social security numbers. Social security numbers are irrelevant to the issue of class certification, will not lead to the discovery of admissible evidence, are subject to reasonable expectations of privacy, and are protected from disclosure by law. Therefore, any responsive document containing social security numbers will be produced with the numbers redacted. Subject to this objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

**REQUEST FOR PRODUCTION NO. 48:**

All documents relating or referring to trends or patterns identifiable in completed I-9 forms that may be indicative of identity theft

**RESPONSE:**

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift objects to the extent any responsive documents contain employee social security numbers. Social security numbers are irrelevant to the issue of class certification, will not lead to the discovery of admissible evidence, are subject to reasonable expectations of privacy, and are protected from disclosure by law. Therefore, any responsive document containing social security numbers will be produced with the numbers redacted. Subject to this objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

**REQUEST FOR PRODUCTION NO. 49:**

All documents BMS provided to Swift since January 1, 2005

**RESPONSE:**

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Swift also objects to this Request to the extent it is duplicative of other Requests set forth in Plaintiffs' Second Request for Production, particularly Request for Production No. 1, rendering this Request unduly burdensome, harassing and not designed to lead to the discovery of admissible evidence. Subject to these objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

**REQUEST FOR PRODUCTION NO. 50:**

All statements made by Swift in any court pleading, affidavit or sworn statement relating or referring to the detection of persons not legally entitled to be employed in the U.S.

**RESPONSE:**

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Subject to this objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

**REQUEST FOR PRODUCTION NO. 51:**

All public statements made by Swift relating or referring to the detection of persons not legally entitled to be employed in the U.S.

**RESPONSE:**

Swift objects to this Request to the extent it calls for the production of documents protected from disclosure pursuant to the attorney-client privilege, work product doctrine and/or consulting expert privilege. Subject to this objections, Swift will produce responsive, non-privileged documents in its possession, custody or control. Due to the breadth of this Request, Swift is continuing to review the files and records in its possession, custody or control to identify non-privileged, responsive documents and will supplement this Response as appropriate pursuant to Fed. R. Civ. P. 26(e).

Dated:        July 17, 2008

Respectfully submitted,

/s/ Robert E. Youle

Robert E. Youle
    Colorado Bar No. 9541
Brian G. Eberle
    Colorado Bar No. 15356
Jerome H. Sturhahn
    Colorado Bar No. 36903
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado  80202
Telephone:  (303) 297-2900
Facsimile:  (303) 298-0940

Ken Carroll
    State Bar No. 038885000
Thomas F. Allen, Jr.
    State Bar No. 24012208
CARRINGTON, COLEMAN, SLOMAN &
        BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, Texas  75202
Telephone:  (214) 855-3000
Facsimile:  (214) 855-1333

ATTORNEYS FOR DEFENDANTS SWIFT &
COMPANY AND SWIFT BEEF COMPANY

### CERTIFICATE OF SERVICE

I certify that on July 17, 2008, I electronically submitted the foregoing document by email to the following individuals:

Michael Heygood
michael@reyeslaw.com
Eric Pearson
eric@reyeslaw.com
Heygood, Orr, Reyes, Pearson &
Bartolomei
2331 W. Northwest Highway
Second Floor
Dallas, Texas 75220


*/s/ Jerome H. Sturhahn*