**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| BLANCA VALENZUELA, MARGIE SALAZAR, JOSE E. SERRATO, JOSIE RENDON, CLARA TOVAR, CONSUELO ESPINO, MARIA AVILA, ERNESTINA NAVARRETTE, MARIA E. MUNOZ, AMANDA SALCIDO, CANDELARIO G. ORTEGA, MARIA ORTIZ, JOSE OLIVA, RAFAELA CHAVEZ, ELODIA ARROYO, SUSANA CARDIEL, GRACIE RIOS, AND LEONEL RUIZ, individually and on behalf of all others similarly situated, § § § § § § § § § § § § § § § | |
| *Plaintiffs* § § § | CIVIL ACTION NO. 3:06-cv-02322-N |
| v. § § | ECF |
| SWIFT BEEF COMPANY, INC. D/B/A SWIFT COMPANY, SWIFT & COMPANY and JOHN DOES I-V, § § § § | |
| *Defendants* § § | |

## DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS

Defendants Swift Beef Company and Swift & Company (collectively, "Swift"), pursuant to FED. R. CIV. P. 33, 34, and 36, hereby submit their First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents (collectively, the "Discovery Requests") to each of the individually named plaintiffs listed in the caption above by and through their counsel, Heygood, Orr, Reyes, Pearson & Bartolomei, 2331 W. Northwest Highway, Second Floor, Dallas, Texas 75220. These Discovery Requests shall be separately answered and signed under oath by each individually named plaintiff.

### DEFINITIONS

1.     "You" and "Your" means each individually named plaintiff and all agents, attorneys, investigators, consultants, and other persons acting on his or her behalf.

DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS – Page 1

S165

2.    "Cactus Processing Facility" means the processing plant operated by Swift or one of its subsidiaries or affiliates in Cactus, Texas.

3.    "Other Swift Processing Facilities" means the processing plants operated by Swift or one of its subsidiaries or affiliates in Greeley, Colorado, Hyrum, Utah, Grand Island, Nebraska, Marshalltown, Iowa, and Worthington, Minnesota.

4.    "Person" is used in its broadest possible sense and means all individuals and entities, including natural persons, firms, partnerships, associations, organizations, divisions, joint ventures, corporations, and governmental entities, domestic or foreign.

5.    "Documents" shall mean any items or matter within the scope of FED. R. CIV. P. 34 and F.R.E. 1001, including:  all paper material of any kind, whether written, typed, punched, filmed, or marked in any way; recording tape or wires; film, photographs, movies, or any graphic matter however produced or reproduced; all computerized, electronic, or magnetic records, information, notes, messages, electronic mail or data compilations; and/or all mechanical or electronic sound recordings or transcripts thereof.  "Document" shall also include the original or any draft or other version thereof, and any copy of an original or draft which differs in any respect from such original or draft.

6.    "Identify," when used in reference to a natural person, means to state his or her full name, residential and business addresses, residential and business telephone numbers, present or last known employment position, and business affiliation.  When used in reference to a person other than a natural person, "identify" means to state whether such person is a corporation, partnership or other entity, its name, present or last known address, and principal place of its business.  Once any person has been identified properly, it shall be sufficient thereafter when identifying that same person to state his or her or its name only.

7.    "Identify," when used in reference to a document or documents, means to state the date, the author(s) (and, if different, the signer(s)), the addressee(s), all recipient(s), and the type of document (e.g., letter, memorandum, telegram, chart, sketch, diagram, etc.), and any other information sufficient to allow Swift to identify the relevant document.  If any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and the reason for such disposition.

8.    "Relating to" shall mean:  relating to, referring to, pertaining to, indicating, demonstrating, evidencing, containing, concerning, describing, embodying, mentioning, constituting, corroborating, proving, refuting, disputing, rebutting, or contradicting.

9.    "Including" shall mean: including but not limited to.

10.    The singular includes the plural, and vice versa.  The masculine includes the feminine and neuter genders, and vice versa.  The past tense includes the present tense, and vice versa, where the clear meaning is not distorted by change of tense.

11.    "And" as well as "or" shall be construed disjunctively or conjunctively as

DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSIONS,
INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF
DOCUMENTS TO PLAINTIFFS – Page 2

**S166**

necessary in order to bring within the scope of the request all responses which might otherwise be construed to be outside its scope.

12.     "Any" includes the word "all" and "all" includes the word "any."

## INSTRUCTIONS

A.     These Discovery Requests shall be separately answered and signed under oath by each individually named plaintiff.

B.     All Documents requested herein, to the extent not objected to, shall be produced for inspection and copying on or before the applicable due date at the offices of Carrington, Coleman, Sloman & Blumenthal, LLP, 901 Main Street, Suite 5500, Dallas, Texas 75202, or at such other location mutually agreed upon by counsel. Alternatively, on or before the applicable due date, copies of responsive Documents can be sent to Brian G. Eberle at the offices of Sherman & Howard, LLC, 633 Seventeenth Street, Suite 3000, Denver, Colorado 80202.

C.     All Documents shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond to each category contained in these Discovery Requests. If any Documents are withheld from production on the grounds of privilege, each Document withheld shall be identified by providing the names of the author(s), signer(s), and recipient(s) of the Document, the date of the Document, and a description of the contents of the Document, and the grounds for withholding each such Document shall be stated.

D.     If you know that any Document falling within the scope of these Discovery Requests has been destroyed or lost, or is unavailable for any reason, you are requested to produce a written list of all such Documents, identifying each Document as follows: the request(s) the Document pertains to; date; addressor's or author's name, title, and address; addressee's name, title, and address; the name and address of every other person to whom the Document was sent or shown, including copies thereof; the nature of the Document; the subject matter of the Document; the best description possible of the exact content of the Document; and the reason for its destruction or unavailability.

E.     The following Discovery Requests are continuing in nature, and your responses must be supplemented in accordance with FED. R. CIV. P. 26(e).

## REQUESTS FOR ADMISSION

1.     Admit that Exhibit 1 hereto is a true and correct copy of Plaintiffs' First Amended Petition filed on or about October 23, 2006 in the 116th Judicial District Court, Dallas, Texas in which You were a plaintiff.

2.     Admit that, to the extent the allegations set forth in paragraph 14 of Exhibit 1 hereto relate to Your employment at the Cactus Processing Facility, those allegations are true and correct.

DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSIONS,
INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF
DOCUMENTS TO PLAINTIFFS – Page 3

**S167**

3.    Admit that, while You were employed by Swift at the Cactus Processing Facility, You never held a supervisory position, *i.e.*, you did not have the authority to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other Swift employees.

4.    Admit that You have never been employed at any of the Other Swift Processing Facilities.

## INTERROGATORIES

1.    Is Your response to each Request for Admission above an unqualified admission (*i.e.*, one in which Your response is either "Admit" or "Yes")? If not, for each response that is not an unqualified admission, state separately the following as to each such Request for Admission:

    a.    Explain the basis for Your partial or complete denial of the Request for Admission and state all facts upon which You base Your response;

    b.    Identify all Persons who have knowledge of those facts; and

    c.    Identify all Documents that support Your response to this Interrogatory.

2.    During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had hired any Persons at the Cactus Processing Facility who were not legally authorized to be employed in the United States. If Your response is yes, then provide separately the following:

    a.    All information You obtained or which came to Your attention while You were a Swift employee indicating that Swift had hired Persons at the Cactus Processing Facility who were not legally authorized to be employed in the United States;

    b.    Identify all Persons employed by Swift at the Cactus Processing Facility while You were a Swift employee who You believed were not legally authorized to be employed in the United States; and

    c.    Identify all Documents that support Your response to this Interrogatory.

3.    During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had hired any Persons at the Other Swift Processing Facilities who were not legally authorized to be employed in the United States. If Your response is yes, then provide separately the following:

    a.    Describe all information You obtained or which came to Your attention while you were a Swift employee indicating that Swift had hired Persons at the Other Swift Processing Facilities who were not legally authorized

DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS – Page 4

**S168**

to be employed in the United States;

b.  Identify all Persons employed by Swift at the Other Swift Processing Facilities while You were a Swift employee who You believed were not legally authorized to be employed in the United States; and

c.  Identify all Documents that support Your response to this Interrogatory.

4.  During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had assisted any Persons at the Cactus Processing Facility in obtaining false documents relating to their identity and/or immigration status, provided illegal immigrants with advice on how to avoid detection at the Cactus Processing Facility by government authorities, provided illegal immigrants with advice on how to be hired or re-hired at the Cactus Processing Facility despite their illegal immigrant status, took steps to delay or prevent immigration raids at the Cactus Processing Facility by government authorities, or warned illegal immigrants of upcoming immigration raids at the Cactus Processing Facility by government authorities. If Your response is yes, then provide separately the following:

a.  All information You obtained or which came to Your attention while You were a Swift employee indicating that Swift engaged in any such activities at the Cactus Processing Facility;

b.  Identify all Swift employees who participated in or who You believe was aware of any such activities; and

c.  Identify all Documents that support Your response to this Interrogatory.

5.  During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had assisted any Persons at the Other Swift Processing Facilities in obtaining false documents relating to their identity and/or immigration status, provided illegal immigrants with advice on how to avoid detection at the Other Swift Processing Facilities by government authorities, provided illegal immigrants with advice on how to be hired or re-hired at the Other Swift Processing Facilities despite their illegal immigrant status, took steps to delay or prevent immigration raids at the Other Swift Processing Facilities by government authorities, or warned illegal immigrants of upcoming immigration raids at the Other Swift Processing Facilities by government authorities. If Your response is yes, then provide separately the following:

a.  Describe all information You obtained or which came to Your attention while You were a Swift employee indicating that Swift engaged in any such activities at the Other Swift Processing Facilities;

b.  Identify all Swift employees who participated in or who You believe was aware of any such activities; and

**S169**

c.      Identify all Documents that support Your response to this Interrogatory.

## DOCUMENT REQUESTS

Pursuant to FED. R. CIV. P. 34, produce all of the following Documents within Your possession, custody, or control:

1.      All Documents upon which You relied in responding to the Requests for Admission and Interrogatories above.

2.      All Documents identified in Your responses to the Interrogatories above.

3.      All Documents relating to any type of fee agreement You have entered into with Your attorneys relating to this litigation, including the "contingency fee contracts" referenced at page 12 of Plaintiffs' Brief in Support of Motion for Class Certification.

Dated:  May 14, 2008

Respectfully submitted,

/s/ Brian G. Eberle
Ken Carroll
  State Bar No. 038885000
Thomas F. Allen, Jr.
  State Bar No. 24012208
CARRINGTON, COLEMAN, SLOMAN &
BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, Texas  75202
Telephone:  (214) 855-3000

Robert E. Youle
  Colorado Bar No. 9541
Brian G. Eberle
  Colorado Bar No. 15356
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado  80202
Telephone:  (303) 297-2900
ATTORNEYS FOR DEFENDANTS SWIFT &
COMPANY AND SWIFT BEEF COMPANY

DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSIONS,
INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF
DOCUMENTS TO PLAINTIFFS – Page 6

S170

## CERTIFICATE OF SERVICE

I certify that on May 14, 2008, I served the foregoing document by telefax to Eric D. Pearson and by U.S. mail, postage prepaid, addressing to the following:

Michael E. Heygood
Eric D. Pearson
Charles W. Miller
Heygood, Orr, Reyes Pearson & Bartolomei
2331 W. Northwest Highway
Second Floor
Dallas, Texas 75220

*/s/ Donna Baros*

**DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSIONS,
INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF
DOCUMENTS TO PLAINTIFFS – Page 7**

**S171**

10/23/06

Received 10/.. 2006 02:04PM in 07:00 on line [0] for SJ057.    Pg 3/25
OCT-23-2006  14:25    LAW OFFICE DOMINGO GARCIA    2149437536    P.03

CAUSE NO. DV04-07102-F

| | | |
|---|---|---|
| BLANCA VALENZUELA, MARIA G. AVILA, SANTIAGO ONTIVEROS, MARGIE SALAZAR, JIMMY TALAMANTES, CRUZ VASQUEZ, JOSE A. SERRATO, JOSIE RENDON, CLARA TOVAR, CRUZ VARGAS, CONSUELO ESPINO, MARIA ÁVILA, ERNESTINA NAVARRETTE, MARIA E. MUNOZ, MERCED HERNANDEZ, AMANDA SALCIDO, CANDELARIO G. ORTEGA, MARIA ORTIZ, JOSE OLI VA, OSCAR REGALDO, RAFAELA CHAVEZ, ELODIA ARROYO, GABRIELA ARRIETA, SUSANA CARDIEL, GRACIE RIOS, and LEONEL RUIZ,<br>        Plaintiffs,<br><br>Vs.<br><br>HICKS, MUSE, TATE, & FURST, INC., BOOTH CREEK MANAGEMENT CORPORATION, SWIFT BEEF COMPANY, INC. D/B/A SWIFT COMPANY A/K/A S&C HOLD CO 3, INC., AND CONAGRA FOODS, INC.,<br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF<br><br><br><br><br><br>DALLAS COUNTY, TEXAS<br><br><br><br><br><br><br><br>116TH JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs BLANCA VALENZUELA, MARIA G. AVILA, SANTIAGO

ONTIVEROS, MARGIE SALAZAR, JIMMY TALAMANTES, CRUZ VASQUEZ, JOSE A.

SERRATO, JOSIE RENDON, CLARA TOVAR, CRUZ VARGAS, CONSUELO ESPINO,

MARIA AVILA, ERNESTINA NAVARRETTE, MARIA E. MUNOZ, MERCED

HERNANDEZ, AMANDA SALCIDO, CANDELARIO G. ORTEGA, MARIA ORTIZ, JOSE

Plaintiffs' First Amended Petition/bn

**EXHIBIT 1**

Received 10/  2006 02:04PM in 07:00 on line [0] for SJ057.    Pg 4/25
OCT-23-2006  14:25    LAW OFFICE DOMINGO GARCIA    2149437536    P.04

OLIVA, OSCAR REGALADO, RAFAELA CHAVEZ, ELODIA ARROYO, GABRIELA

ARRIETA, SUSANA CARDIEL, GRACIE RIOS, AND LEONEL RUIZ, who file this their

First Amended Petition against Defendants HICKS, MUSE, TATE,& FURST, INC., BOOTH

CREEK MANAGEMENT CORPORATION, SWIFT BEEF COMPANY, INC. d/b/a SWIFT

COMPANY a/k/a S&C HOLD CO 3, INC., and CONAGRA FOODS, INC., and respectfully

show this Court as follows:

## I. VENUE AND DISCOVERY PLAN LEVEL

1.    Defendant HICKS, MUSE, TATE, & FURST, INC.'s principal office is located in Dallas

County, Texas. Venue in this cause is, accordingly, proper pursuant to Sections 15.001 and

15.036 of the Texas Civil Practices and Remedies Code. Plaintiffs submit this action under

Discovery Control Plan Level III.

## II. TRIER OF FACT

2.    Plaintiffs respectfully request that a jury be convened to try the factual issues of this case.

## III. PARTIES

3.    Plaintiffs are residents of the State of Texas.

4.    Defendants have previously answered in this cause and will be served with copies of this

petition through their respective attorneys of record. No service is requested at this time.

## IV. CAUSE OF ACTION FOR VIOLATIONS OF TEXAS LABOR CODE

This suit is brought pursuant to the following articles of the Texas Labor Code:

Article 451 and the following sections:

5.    Section 1. No person may discharge or in any other manner discriminate against an employee

because the employee has in good faith filed a claim, hired an attorney to represent him or

Plaintiffs' First Amended Petition/bn

**S173**

her in a claim, instituted or caused to be instituted, in good faith, any proceedings under the

Texas Workers Compensation Act, or has testified or is about to testify in any proceeding.

6.    Section 2. A person who violates any provision of this Section 1 of this Act shall be liable

for reasonable damages suffered by an employee as the result of the violation and an

employee discharged in violation of this Act shall be entitled to be reinstated to his or her

former position..."

Article 21 and the following sections:

7.    Section 51. A person commits an unlawful employment practice if because of race, color,

disability, religion, sex, national origin, or age the employer fails or refuses to hire an

individual or discharges an individual, or discriminates in any other manner against an

individual in connection with compensation or the term, conditions or privileges of

employment....."

8.    Section 56.  An employer, labor union or employment agency commits an unlawful

employment practice if the employer, labor union or employment agency aids, abets, incites

or coerces a person to engage in a discriminatory practice.

9.    Section 122.  An unlawful employment practice based on disparate impact has been

established.....”

10.    Section 128. A person commits an unlawful employment practice when the employer fails

or refuses to make reasonable workplace accommodations to a known physical or mental

limitation of an otherwise qualified individual with a disability who is an employee......”

11.    Section 258. A person having engaged in an unlawful employment practice may be ordered

equitable relief.

<u>Plaintiffs' First Amended Petition</u>/bn

**S174**

Received 10/ .2006 02:04PM in 07:00 on line [0] for SJ057.   Pg 6/25
OCT-23-2006  14:26    LAW OFFICE DOMINGO GARCIA    2149437536    P.06

12.    Plaintiffs would respectfully show the Court that they were employed by the Defendant. All the Plaintiffs sustained an on-the-job injury while working for Defendant, Swift Beef Company, Inc. which is owned by Hicks, Muse, Tate, and Furst, Inc. While in the course and scope of their employment, all the Plaintiffs at one time or another were injured and had to file a workers compensation claim. Shortly after they were injured they were then later wrongfully terminated by the Defendants. It is clear that the Defendants have a pattern of terminating injured employees who file workers compensation claims.

13.    After returning to work, located at Swift Company, 287 Highway North Schoerta Park, Cactus, Texas 79013, Plaintiffs were all discharged from their employment. Plaintiff's were informed of various reasons for their termination but were always told it was not related to their injuries. Plaintiffs were wrongfully terminated by defendants. Plaintiffs were hired and were good employee's of the company. Some for many years before they were wrongfully terminated. All defendants are jointly and severally liable for the discrimination.

14.    1.    After returning to work, **Margie Salazar** was discharged from her employment on or about **October 14, 2002,** and was informed that the reason for her termination was due to restricted duty employment. Plaintiff was hired on June 29, 1989 and was a good employee of the company for approximately 12 years and four months before her wrongful termination. She was injured on **October 12, 2000.** Plaintiff became injured while lifting a metal stand and hurt her back, right shoulder and right wrist.

2.    After returning to work, **Jimmy Talamantes** was discharged from his employment on or about **October 31, 2003,** by Jimmincer and was informed that the reason for his termination was due to Plaintiff breaking company restrictions. Plaintiff was hired

Plaintiffs' First Amended Petition/bn                                        Page -1-

**S175**

on May 21, 2002, and was a good employee of the company for approximately 1 year before he was wrongfully terminated. He was injured on **November 19, 2002.** Plaintiff was injured when he was opening a drum door with his legs and due to the pressure felt a pop along his back.

3.    After returning to work, **Cruz E. Vasquez** was discharged from his employment on or about **November 25, 2002**, and was not informed or given any reason for his termination. Plaintiff was hired on April 26, 1999, and was a good employee of the company for approximately 3 years and 7 months before he was wrongfully terminated. He was injured on **November 27, 2000.** Plaintiff became injured while performing the work that should have been done by at least three people. He finally broke down in tears after being overly worked to the point of utter exhaustion.

4.    After returning to work, **Jose A. Serrato** was discharged from his employment on or about **October 14, 2002,** and was informed that the reason for his termination was due to Plaintiff handing company restrictions for light duty from a doctor to place him on light duty. Plaintiff was hired on July 14, 1984, and was a good employee of the company for approximately 18 years and 3 months before he was wrongfully terminated. He was injured on **January 11, 2000.** Plaintiff became injured when he slipped and fell due to a greasy floor and landed on his right knee.

5.    After returning to work, **Josie Rendon** was discharged from her employment on or about **December 16, 2002,** by Brian Ashley a Human Resources manager and was informed that the reason for her termination was due to any employees with restrictions had no jobs available and was then sent home. Plaintiff was hired on

Received 10/2-, 2006 02:04PM in 07:00 on line [0] for SJ057b   Pg 8/25
OCT-23-2006  14:26    LAW OFFICE DOMINGO GARCIA                    2149437536        P.08

February 22, 1987, and was a good employee of the company for approximately 15 years and 10 months before she was wrongfully terminated. She was injured on **December 21, 2000.** Plaintiff became injured while working on sweetbread machine and hurt her right shoulder, arm and both hands.

6.      After returning to work, **Clara Tovar** was discharged from her employment on or about **October 41, 2002,** and was informed that the reason for her termination was due to Plaintiff having been on medical leave and due to restrictions regarding a work related injury. Plaintiff was hired on April 6, 1998, and was a good employee of the company for approximately 4 years and 6 months before she was wrongfully terminated. She was injured on **December 27, 2001.** Plaintiff was injured when the company gave her a chair to sit on due to her restrictions. They placed some paper towel on top of the chair causing Plaintiff to fall off and re-injure herself in the process.

7.      After returning to work, **Cruz Vargas** was discharged from his employment on or about **July 24, 2003,** by Rodney Turrbiates who was the human resource manager while Oscar Arriega interpreted and was informed that the reason for his termination was due to Medical leave of absence. Plaintiff was hired on July 9, 1979, and was a good employee of the company for approximately 25 years before he was wrongfully terminated. He was injured on **September 18, 2000.** Plaintiff was injured when he slipped and fell backwards hitting his head, back, and buttocks due to a greasy floor.

8.      After returning to work, **Consuelo Espino** was discharged from her employment on or about **October 14, 2002,** by Brian Ashley who is a safety coordinator and was

Plaintiffs' First Amended Petition/bn                                    Page -3-

**S177**

informed that the reason for her termination was due to Plaintiff was unable to perform full duties on the job. Plaintiff was hired on April 27, 2000, and was a good employee of the company for approximately 2 years and 6 months before she was wrongfully terminated. She was injured on **May 28, 2001.** She hurt her left thumb and wrist through repetitive motions.

9.    After returning to work, **Maria Avila** was discharged from her employment on or about **November 25, 2002,** by Brian Ashely and Rodney Turubiantes interpreted. Plaintiff was informed that the reason for her termination was they could not accommodate her with restrictions and was sent home. Plaintiff was hired on August 19, 1991 and was a good employee of the company for approximately 11 years and 3 months before she was wrongfully terminated. She was injured on **October 16, 1998.** Plaintiff was injured when she fell while on a ladder and hurt her lower back and lower legs.

10.    After returning to work, **Ernestina Navarrette** was discharged from her employment on or about **March 4, 2003,** by Rodney Turriantes and was informed that the reason for her termination was due to Plaintiff's medical restrictions. Plaintiff was hired on August 28, 2000, and was a good employee of the company for approximately 2 years and 6 months before she was wrongfully terminated. She was injured on **December 3, 2001.** Plaintiff became injured while doing repetitive work while in the scope of her employment with defendant.

11.    After returning to work, **Maria E. Munoz** was discharged from her employment on or about **March 21, 2002,** by Oscar Arriaga and was informed that the reason for her

Plaintiffs' First Amended Petition/bn                                                      Page -4-

OCT-23-2006  14:27    Received 10/23,2006 02:04PM in 07:00 on line [0] for SJ057b  Pg 10/25
                      LAW OFFICE DOMINGO GARCIA                    2149437536    P.10

termination was due to Plaintiff breaking company policy. Plaintiff was hired on December 29, 1989, and was a good employee of the company for approximately 11 years and 3 months before she was wrongfully terminated. Plaintiff was injured when she was struck by a forklift at work and hurt her back and legs.

12.    After returning to work, **Merced Hernandez** was discharged from her employment on or about **March 21, 2002**, by Oscar Arriaga and was informed that the reason for her termination was due to Plaintiff breaking company policy. Plaintiff was a good employee of the company before she was wrongfully terminated. She was injured on **September 30, 1999**. Plaintiff was injured when she fell from a ladder and injured her back requiring surgery for two herniated discs.

13.    After returning to work, **Amanda Salcido** was discharged from her employment on or about **October 14, 2002**, and was informed that the reason for her termination was due to Plaintiff being out to long on medical leave but it was also the company that placed Plaintiff on medical leave. Plaintiff was hired on August 28, 1988, and was a good employee of the company for approximately 14 years and 2 months before she was wrongfully terminated. She was injured on **July 2, 2002**. Plaintiff was injured when she slipped and fell on the floor and fell on her back very hard.

14.    After returning to work, **Candelario Ortega** was discharged from his employment on or about **April 30, 2003**, by Oscar Arriaga and was informed that the reason for his termination was due to Plaintiff being out more then 18 months and a firing is automatic after that period of time. Plaintiff was hired on September 9, 1987, and was a good employee of the company for approximately 15 years and 7 months

Plaintiffs' First Amended Petition/bn                                    Page -5-

**S179**

before he was wrongfully terminated. He was injured on **March 24, 2000.** Plaintiff was injured when he was pushing cattle with his right hand and had to have surgery on his injured hand.

15.    After returning to work, **Maria Ortiz** was discharged from her employment on or about **February 4, 2003,** and was informed that the reason for her termination was due to Plaintiff's medical restrictions and was sent home. Plaintiff was hired on September 7, 1987, and was a good employee of the company for approximately 15 years and 5 months before she was wrongfully terminated. She was injured on **February 15, 2001.** Plaintiff was injured while she was working with cattle and she hurt her back.

16.    After returning to work, **Jose Oliva** was discharged from his employment on or about **October 14, 2002,** and was informed that the reason for his termination was due to Plaintiff's medical restrictions. Plaintiff was hired on July 30, 1989, and was a good employee of the company for approximately 13 years and 3 months before he was wrongfully terminated. He was injured on **October 26, 1992.** Plaintiff was injured when a machine malfunctioned and he was forced to do the work by hand.

17.    After returning to work, **Oscar Regalado** was discharged from his employment on or about **September 3, 2002,** and was informed that the reason for his termination was due to Plaintiff's medical restrictions for over 6 months. Plaintiff was hired on September 8, 1998 and was a good employee of the company for approximately 4 years before he was wrongfully terminated. He sustained a medical condition on **February 11, 2001.** Plaintiff suddenly had to be operated for a heart condition and

Plaintiffs' First Amended Petition/bn                                    Page -6-

OCT-23-2006   14:27        Received 10/___2006 02:04PM in 07:00 on line [0] for SJ057___   Pg 12/25
                          LAW OFFICE DOMINGO GARCIA                              2149437536        P.12

when he returned was given light duty for a brief period before he was then later fired.

18.   After returning to work, **Rafaela Chavez** was discharged from her employment on or about **July 8, 2003**, by Oscar Arriaga and was informed that the reason for her termination was due to Plaintiff's medical restrictions. Plaintiff was hired on September 29, 1978, and was a good employee of the company for approximately 24 years before being wrongfully terminated. She was injured on **July 6, 1996**.

19.   After returning to work, **Elodia Arroyo** was discharged from her employment on or about **October 14, 2002**, by Brian Ashley and was informed that the reason for her termination was due to Plaintiff's medical restrictions. Plaintiff was hired on April 25, 1994, and was a good employee of the company for approximately 8 years and 6 months before she was wrongfully terminated. She was injured on **February 4, 2002**. Plaintiff was injured due to repetitive motions at work while in the scope of her employment with defendant.

20.   After returning to work, **Gabriela Arrieta** was discharged from her employment on or about **July 15, 2002**, by Oscar Arriaga and was informed that the reason for her termination was due to Plaintiff being off the active payroll since January 15, 2001. Plaintiff was hired on December 11, 2000, and was a good employee of the company for approximately 1 year and 7 months before she was wrongfully terminated. She was injured on **December 20, 2000**. Plaintiff was injured when a 65 lb. box fell on her and she hurt her back and her neck.

21.   After returning to work, **Susana Cardiel** was discharged from her employment on

**S181**

Received 10/23/2006 02:04PM in 07:00 on line [0] for SJ057b   Pg 13/25
OCT-23-2006  14:28        LAW OFFICE DOMINGO GARCIA              2149437536        P.13

or about **October 14, 2002**, by Brian Ashley and was informed that the reason for her termination was due to Plaintiff's medical restrictions. Plaintiff was hired on November 21, 1988, and was a good employee of the company for approximately 14 years before she was wrongfully terminated. She was injured on **July 6, 2001**. Plaintiff was injured when she slipped and fell at work while stepping in a hole.

22.  After returning to work, **Gracie Rios** was discharged from her employment on or about **October 15, 2002**, and was informed that the reason for her termination was due to Plaintiff's medical leave of absence. Plaintiff was hired around July of 1987, and was a good employee of the company for approximately 15 years and 3 months before she was wrongfully terminated. She was injured on **May 29, 1997**. Plaintiff was injured when she slipped and fell due to a fan that was in her way.

23.  After returning to work, **Leonel Ruiz** was discharged from his employment on or about **January 21, 2003**, and was informed that the reason for his termination was due to Plaintiff's medical restrictions. Plaintiff was hired on May 1, 1985, and was a good employee of the company for approximately 18 years before he was wrongfully terminated. He was injured on **February 11, 1994**. Plaintiff was injured while pushing a car full of clothing.

24.  After returning to work, **Cruz Vargas**, was discharged from his employment on or about **July 24, 2003**. Plaintiff was hired on July 9, 1979 and was a good employee of the company for approximately 24 years before he was wrongfully terminated. He was injured on **September 18, 2000**. Plaintiff was injured when he slipped on a greasy floor and fell backwards hitting his head, back, and buttocks.

Page -8-

Plaintiffs' First Amended Petition/bn

OCT-23-2006  14:28    Received 10/23 2006 02:04PM in 07:00 on line [0] for SJ057b  Pg 14/25
LAW OFFICE DOMINGO GARCIA                                    2149437536      P.14

25.    After returning to work, **Ernestina Navarrette**, was discharged from her employment on or about **March 4, 2003.** Plaintiff was hired on August 28, 2000 and was a good employee of the company for approximately 3 years before she was wrongfully terminated. She was injured on **December 3, 2001.** Plaintiff was injured by being forced to repeat the same work activity over and over causing her to suffer a repetitive work injury.

26.    After returning to work, **Candelario G. Ortega**, was discharged from his employment on or about **April 30, 2003.** Plaintiff was hired on September 9, 1987 and was a good employee of the company for approximately 15 years before she was wrongfully terminated. She was injured on **March 24, 2000.** Plaintiff was injured while pushing cattle with her right hand because on her left hand she had recently had surgery and it was wrapped.

27.    After returning to work, **Jose Oliva**, was discharged from his employment on or about **October 14, 2002** Plaintiff was hired on July 30, 1989 and was a good employee of the company for approximately 13 years before he was wrongfully terminated. He was injured on **September 26, 1992.** Plaintiff was injured while working with a machine used for splitting heads.

28.    After returning to work, Rafaela Chavez, was discharged from his employment on or about **July 8, 2003.**

15.    Prior to all of the Plaintiffs being discharged, Defendants had expressed no dissatisfaction with any of the Plaintiffs' performance of their respective duties. Plaintiffs maintain that they were terminated because they were injured and filed a workers compensation claim.

Page -9-

Plaintiffs' First Amended Petition/bn

**S183**

Plaintiffs will show that the supervisors' expressed dissatisfaction, if any, constituted a mere pretext.

16.  Defendants discriminated against Plaintiffs because Plaintiffs in good faith filed a claim, hired a lawyer for representation in a claim, or in good faith instituted or caused to be instituted a proceeding under the Texas Worker's Compensation Act. Such acts were producing and proximate causes of actual and punitive damages to Plaintiff under Article 451 of the Texas Labor Code.

17.  Among other acts, Defendants carelessly, negligently and intentionally set out to destroy Plaintiffs employment relationship and thereby deprive Plaintiffs of their salary, their job and job benefits. Plaintiffs would further show that such actions were calculated to add an intentional infliction of emotional distress on Plaintiffs.

18.  In this connection, Plaintiffs will show that the true reason for the discharge was in retaliation for Plaintiffs getting injured while under the course and scope of their employment with defendants and Plaintiffs action in attempting to file a claim under the Texas Workers' Compensation Act. Defendants, therefore, violated Chapter 451 of the Texas Labor Code which protects claimants from discrimination by employers.

19.  Furthermore, the employer intentionally inflicted emotional distress on the Plaintiffs by refusing to re-employ them.

20.  Pleading further, at the time Defendants discharged Plaintiffs, several Plaintiffs were still under the treatment of their doctors of choice. Plaintiffs had not recovered from their injuries, and their doctors had not released them to return to work or some received light duty, but Defendants terminated them anyway.

Page -10-

Plaintiffs' First Amended Petition/bn

**S184**

21. Despite knowledge of this fact, Defendants terminated Plaintiffs' employment. Plaintiffs would show that Defendants' actions constitute a wrongful termination in violation of Chapter 451 of the Texas Labor Code.

22. Plaintiffs would further show that their termination was done with malice on the part of Defendants. Therefore, Plaintiffs are entitled to exemplary damages of twenty million ($20,000,000.00) dollars. Furthermore, Plaintiffs allege that Defendants have a pattern and practice of terminating employees who get injured while on the job. Defendants use their policies to terminate long-term employees and those who have been the most severely injured.

23. Furthermore, Plaintiffs suffered extreme stress and mental anguish as a result of Defendants' conduct in the past and into the future. Plaintiffs endured economic hardships and they continue to do so. Plaintiffs, therefore, request damages for mental anguish and intentional infliction of emotional distress of Plaintiffs.

24. As a direct and proximate result of all Plaintiffs wrongful discharge by Defendants, Plaintiffs have been damaged As follows:

    1. they have been forced into periods of extended unemployment for which they should be compensated;

    2. they have been unable to secure work;

    3. their pay is less per hour than they previously earned, plus company benefits, the difference for which they should be compensated; and

    4. they have been caused unjust embarrassment by prospective employers, who are skeptical to hire Plaintiffs due to the dubious circumstances of their termination by

Plaintiffs' First Amended Petition/bn                                    Page -11-

**S185**

Defendants.

25.    As a direct and proximate result of the negligent conduct of Defendant, Swift Beef Company

d/b/a Swift Company, Plaintiffs suffered substantial damages to which they are entitled in

law, and more particularly as follows to-wit:

1.    loss of wage earning capacity in the past;

2.    loss of wage earning capacity in the future;

3.    lost wages in the past;

4.    lost wages in the future;

5.    loss of credit reputation and standing in the past;

6.    loss of credit reputation and standing in the future;

7.    mental anguish in the past; and

8.    mental anguish in the future.

Said damages are in excess of the minimum jurisdictional limits of this Court.

## V. CAUSE OF ACTION FOR CRIMINAL VIOLATIONS

26.    Defendants have engaged in numerous criminal acts as they have sought to replace workers

at their meat-packing plant, who are U. S. citizens or legal immigrants with permits to work

in the United States, with illegal workers from Guatemala, to whom Defendants have to pay

substantially lower wages and fewer employment benefits.  These criminal acts include the

following:

1.    harboring illegal aliens in violation of 8 U.S.C. §1324;

2.    concealing illegal aliens in violation of 8 U.S.C. §1324;

3.    transporting illegal aliens in violation of 8 U.S.C. §1324;

Plaintiffs' First Amended Petition/bn                                        Page -12-

**S186**

Received 10/23/2006 02:04PM in 07:00 on line [0] for SJ057b    Pg 22/25

OCT-23-2006  14:30    LAW OFFICE DOMINGO GARCIA    2149437536    P.22

3.    smuggling illegal aliens in violation of 8 U.S.C. §1324;

4.    aiding and abetting the offense of harboring, concealing, transporting, and/or smuggling illegal aliens in violation of section 274 of the Immigration & Nationality Act; and

5.    engaging in a conspiracy to harbor, conceal, transport, and/or smuggle illegal aliens into the United States.

Defendants' violations of these statutes provide for punishment of us up 20 years for each violation.

27    In addition, the Illegal Immigration Reform and Immigration Responsibility Act of 1996 provided for enhanced enforcement and penalties against alien smuggling and related crimes by amending criminal provisions relating to racketeering offenses related to alien smuggling. 18 U.S.C.A. §1961(i)(B) defines "racketeering activity" as any act which is indictable under provisions of 18 U.S.C.A. §§1581-1592. In Plaintiffs' information and belief, Defendants' conduct violates 18 U.S.C.A. §§1590 and 1592.

28.    Based upon the foregoing, 18 U.S.C.A. §1961 entitles Plaintiffs to bring a civil action against Defendants for some, if not all, of this criminal activity and to recover damages, civil penalties, and attorney's fees from Defendants, jointly and severally.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer and that upon final hearing, Plaintiffs have Judgment as follows:

A.    Damages in the sum of one million ($1,000,000.00) dollars for loss of earning capacity, lost wages, past and future pain and suffering and severe mental anguish, per Plaintiff;

Plaintiffs' First Amended Petition/bn                                                Page -13-

**S187**

Received 10/2., 2006 02:04PM in 07:00 on line [0] for SJ057b    Pg 23/25

OCT-23-2006  14:30    LAW OFFICE DOMINGO GARCIA    2149437536    P.23

B.    Reinstatement of each Plaintiff to her/his former position and all appropriate benefits;

C.    Exemplary damages in a sum in excess of the minimum jurisdictional limits of this Court;

D.    Attorney's fees and expenses, both through the trial in this cause and all subsequent appeals;

E.    Pre-Judgment interest on all sums awarded herein at the highest legal rate;

F.    All costs of Court;

G.    Post-Judgment interest on all sums awarded herein at the highest legal rate until paid; and

H.    Such other and further relief to which Plaintiffs may be justly entitled at law or in equity, specific or general,

Respectfully submitted,

LAW OFFICES OF DOMINGO A. GARCIA, P.C.

By:

Domingo A. Garcia
State Bar No. 07631950
Paul R. Hornung
State Bar No. 00795831
Steve Sanderfer
State Bar No. 00793211

1107 W. Jefferson Blvd.
Dallas, Texas 75208-5145
(214) 941-8300 - Telephone
(214) 943-7536 - Facsimile

ATTORNEYS FOR PLAINTIFFS

S188

## CERTIFICATE OF SERVICE

A true and correct photocopy of this document was served upon all counsel of record in this cause on October 23, 2006 in accordance with TEX. R. CIV. P. 8, 21, and 21a.

_____
Domingo A. Garcia

Plaintiffs' First Amended Petition/bn                                    Page -15-

## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| BLANCA VALENZUELA, MARGIE SALAZAR, JOSE A. SERRATO, JOSIE RENDON, CLARA TOVAR, CONSUELO ESPINO, MARIA AVILA, ERNESTINA NAVARRETTE, MARIA E. MUNOZ, AMANDA SALCIDO, CANDELARIO G. ORTEGA, MARIA ORTIZ, JOSE OLIVA, RAFAELA CHAVEZ, ELODIA ARROYOS, SUSANA CARDIEL, GRACIE RIOS, AND LEONEL RUIZ, individually and on behalf of all others similarly situated §§§§§§§§§§§ | |
| **Plaintiffs,** §§ | No. 3:06-CV-2322-N |
| **VS.** §§ | |
| SWIFT BEEF COMPANY, INC. D/B/A SWIFT COMPANY, SWIFT & COMPANY, HICKS, MUSE, TATE & FURST, INC., HM CAPITAL PARTNERS OF DALLAS, LLC and JOHN DOES I-V §§§§§§ | |
| **Defendants** §§ | |

## PLAINTIFF ELODIA ARROYOS' FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:   Defendants, Swift Beef Company d/b/a Swift Company and Swift & Co., by and through their counsel of record, Robert E. Youle and Brian G. Eberle, SHERMAN & HOWARD LLC, 633 Seventeenth Street, Suite 3000, Denver, Colorado 80202 AND Ken Carroll and Thomas F. Allen, Jr., CARRINGTON COLEMAN SLOMAN & BLUMENTHAL, 901 Main Street, Suite 5500, Dallas, Texas 75202.

COMES NOW Elodia Arroyos, Plaintiff herein, and pursuant to the Federal Rules of

Civil Procedure, makes and serves this, her First Supplemental Objections and Responses to

PLAINTIFF ELODIA ARROYOS' FIRST SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND
SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION,
INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

S190

Page 1

Defendants' First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents.

Respectfully submitted,

HEYGOOD, ORR, REYES, PEARSON & BARTOLOMEI

Michael E. Heygood
Texas State Bar No. 00784267
E-mail: Michael@ReyesLaw.com
Eric D. Pearson
Texas State Bar No. 15690472
E-mail: Eric@ReyesLaw.com
Charles W. Miller
Texas State Bar No. 24007677
E-mail: Charles@ReyesLaw.com
2331 W. Northwest Highway, 2nd Floor
Dallas, Texas 75220
214/526-7900
214/526-7910 (fax)

**ATTORNEYS FOR PUTATIVE CLASS
REPRESENTATIVES**

**PLAINTIFF ELODIA ARROYOS' FIRST SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND
SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION,
INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**S191**

**Page 2**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all counsel of record in this cause on this the _8th_ day of August 2008, as indicated below.

Robert E. Youle                                                    **via facsimile (303) 298-0940**
Brian G. Eberle
SHERMAN & HOWARD LLC
633 Seventeenth Street
Suite 3000
Denver, Colorado 80202

Ken Carroll                                                        **via facsimile (214) 855-1333**
Thomas F. Allen, Jr.
CARRINGTON COLEMAN SLOMAN & BLUMENTHAL
901 Main Street, Suite 5500
Dallas, Texas 75202

_____
Eric D. Pearson

**PLAINTIFF ELODIA ARROYOS' FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**    **S192**

Page 3

## REQUESTS FOR ADMISSION

1.    Admit that Exhibit 1 hereto is a true and correct copy of Plaintiffs' First Amended Petition filed on or about October 23, 2006 in the 116th Judicial District Court, Dallas, Texas, in which you were a plaintiff.

**RESPONSE: Admit.**


2.    Admit that, to the extent the allegations set forth in paragraph 14 of Exhibit 1 hereto relate to Your employment at the Cactus Processing Facility, those allegations are true and correct.

**RESPONSE: Admit.**


3.    Admit that, while You were employed by Swift at the Cactus Processing Facility, You never held a supervisory position, *i.e.*, you did not have the authority to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other Swift employees.

**RESPONSE: Admit.**


4.    Admit that you have never been employed at any of the Other Swift Processing Facilities.

**RESPONSE: Admit.**

**PLAINTIFF ELODIA ARROYOS' FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**S193**

**Page 4**

## INTERROGATORIES

1. Is Your response to each Request for Admission above an unqualified admission (*i.e.*, one in which Your response is either "Admit" or "Yes")? If not, for each response that is not an unqualified admission, state separately the following as to each such Request for Admission:

   a. Explain the basis for your partial or complete denial of the Request for Admission and state all facts upon which You base Your response;

   b. Identify all Persons who have knowledge of those facts; and

   c. Identify all Documents that support Your response to this Interrogatory.

**RESPONSE:** Yes.

2. During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had hired any Persons at the Cactus Processing Facility who were not legally authorized to be employed in the United States. If Your response is yes, then provide separately the following:

   a. All information You obtained or which came to Your attention while You were a Swift employee indicating that Swift had hired Persons at the Cactus Processing Facility who were not legally authorized to be employed in the United States;

   b. Identify all Persons employed by Swift at the Cactus Processing Facility while You were a Swift employee who You believed were not legally authorized to be employed in the United States; and

   c. Identify all Documents that support Your response to this Interrogatory.

**RESPONSE:** Yes.

   **a.    I saw an employee who had previously been known by one name, later go by another. There were conversations throughout the plant that illegals were hired.**

   **b.    Cannot remember the names.**

   **c.    None.**

**PLAINTIFF ELODIA ARROYOS' FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**    **S194**

**Page 5**

3.    During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had hired any Persons at the Other Swift Processing Facilities who were not legally authorized to be employed in the United States. If Your response is yes, then provide separately the following:

    a.    Describe all information You obtained or which came to Your attention while you were a Swift employee indicating that Swift had hired Persons at the Other Swift Processing Facilities who were not legally authorized to be employed in the United States;

    b.    Identify all Persons employed by Swift at the Other Swift Processing Facilities while You were a Swift employee who You believed were not legally authorized to be employed in the United States; and

    c.    Identify all Documents that support Your response to this Interrogatory.

**RESPONSE: No.**

4.    During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had assisted any Persons at the Cactus Processing Facility in obtaining false documents relating to their identity and/or immigration status, provided illegal immigrants with advice on how to avoid detection at the Cactus Processing Facility by government authorities, provided illegal immigrants with advice on how to be hired or re-hired at the Cactus Processing Facility despite their illegal immigrant status, took steps to delay or prevent immigration raids at the Cactus Processing Facility by government authorities, or warned illegal immigrants of upcoming immigration raids at the Cactus Processing Facility by government authorities. If Your response is yes, then provide separately the following:

    a.    All information You obtained or which came to Your attention which You were a Swift employee indicating that Swift engaged in any such activities at the Cactus Processing Facility;

    b.    Identify all Swift employees who participated in or who You believe was aware of any such activities; and

    c.    Identify all Documents that support Your response to this Interrogatory.

**RESPONSE: Not until after I was terminated.**

**PLAINTIFF ELODIA ARROYOS' FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**    **S195**

**Page 6**

5.      During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had assisted any Persons at the Other Swift Processing Facilities in obtaining false documents relating to their identity and/or immigration status, provided illegal immigrants with advice on how to avoid detection at the Other Swift Processing Facilities by government authorities, provided illegal immigrants with advice on how to be hired or re-hired at the other Swift processing Facilities despite their illegal immigrant status, took steps to delay or prevent immigration raids at the Other Swift Processing Facilities by government authorities, or warned illegal immigrants of upcoming immigration raids at the Other Swift Processing Facilities by government authorities.  If Your response if yes, then provide separately the following:

   a.      Describe all information You obtained or which came to Your attention while You were a Swift employee indicating that Swift engaged in any such activities at the Other Swift Processing Facilities;

   b.      Identify all Swift employees who participated in or who You believe was aware of any such activities; and

   c.      Identify all Documents that support Your response to this Interrogatory.

**RESPONSE:** **No.**

**PLAINTIFF ELODIA ARROYOS' FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**     **S196**

**Page 7**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    All Documents upon which You relied in responding to the Requests for Admission and Interrogatories above.

**RESPONSE:  None.**


2.    All Documents identified in Your responses to the Interrogatories above.

**RESPONSE:  None.**


3.    All Documents relating to any type of fee agreement You have entered into with Your attorneys relating to this litigation, including the "contingency fee contracts" referenced at page 12 of Plaintiffs' Brief in Support of Motion for Class Certification.

**RESPONSE:  Plaintiff will produce.**

**PLAINTIFF ELODIA ARROYOS' FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**S197**

**Page 8**

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| BLANCA VALENZUELA, et al. | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| VS. | § | No. 3:06-CV-2322-N |
| | § | |
| SWIFT BEEF COMPANY, INC. D/B/A | § | |
| SWIFT COMPANY, et al. | § | |
| | § | |
| **Defendants.** | § | |

## VERIFICATION

STATE OF TEXAS                    §
                                 §
COUNTY OF MOORE                  §

BEFORE ME, the undersigned authority, on this day personally appeared ELODIA

ARROYOS, known to me to be the person whose name is subscribed to the foregoing document

and upon her oath, stated that she executed these interrogatory responses in her capacity as

Plaintiff in the above styled and numbered cause and that she has ~~read~~ given EA such answers and that they

are true and correct to the best of her knowledge.

_____
ELODIA ARROYOS

Sworn to and subscribed before me, the undersigned authority, on this the 16th day of

August, 2008, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC, in and for the
State of Texas
My commission expires: 11-16-11

CLAUDIA M. CANO
Notary Public, State of Texas
My Commission Expires
November 16, 2011

**S198**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLANCA VALENZUELA, MARGIE SALAZAR, JOSE A. SERRATO, JOSIE RENDON, CLARA TOVAR, CONSUELO ESPINO, MARIA AVILA, ERNESTINA NAVARRETTE, MARIA E. MUNOZ, AMANDA SALCIDO, CANDELARIO G. ORTEGA, MARIA ORTIZ, JOSE OLIVA, RAFAELA CHAVEZ, ELODIA ARROYOS, SUSANA CARDIEL, GRACIE RIOS, AND LEONEL RUIZ, individually and on behalf of all others similarly situated | § § § § § § § § § § § § § | |
| Plaintiffs, | § § | No. 3:06-CV-2322-N |
| VS. | § § § | |
| SWIFT BEEF COMPANY, INC. D/B/A SWIFT COMPANY, SWIFT & COMPANY, HICKS, MUSE, TATE & FURST, INC., HM CAPITAL PARTNERS OF DALLAS, LLC and JOHN DOES I-V | § § § § § § | |
| Defendants | § § | |

**PLAINTIFF MARIA AVILA'S FIRST SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY
AND SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION,
INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

TO:  Defendants, Swift Beef Company d/b/a Swift Company and Swift & Co., by and through their counsel of record, Robert E. Youle and Brian G. Eberle, SHERMAN & HOWARD LLC, 633 Seventeenth Street, Suite 3000, Denver, Colorado 80202 AND Ken Carroll and Thomas F. Allen, Jr., CARRINGTON COLEMAN SLOMAN & BLUMENTHAL, 901 Main Street, Suite 5500, Dallas, Texas 75202.

COMES NOW Maria Avila, Plaintiff herein, and pursuant to the Federal Rules of Civil

Procedure, makes and serves this, her First Supplemental Objections and Responses to

PLAINTIFF MARIA AVILA'S FIRST SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY
AND SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION,
INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

S199

Page 1

Defendants' First Set of Requests for Admission, Interrogatories, and Requests for Production of

Documents.

Respectfully submitted,

HEYGOOD, ORR, REYES, PEARSON & BARTOLOMEI

Michael E. Heygood
Texas State Bar No. 00784267
E-mail: Michael@ReyesLaw.com
Eric D. Pearson
Texas State Bar No. 15690472
E-mail: Eric@ReyesLaw.com
Charles W. Miller
Texas State Bar No. 24007677
E-mail: Charles@ReyesLaw.com
2331 W. Northwest Highway, 2nd Floor
Dallas, Texas 75220
214/526-7900
214/526-7910 (fax)

**ATTORNEYS FOR PUTATIVE CLASS
REPRESENTATIVES**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all counsel of record in this cause on this the ___ day of July 2008, as indicated below.

Robert E. Youle                                          **via facsimile (303) 298-0940**
Brian G. Eberle
SHERMAN & HOWARD LLC
633 Seventeenth Street
Suite 3000
Denver, Colorado 80202

Ken Carroll                                              **via facsimile (214) 855-1333**
Thomas F. Allen, Jr.
CARRINGTON COLEMAN SLOMAN & BLUMENTHAL
901 Main Street, Suite 5500
Dallas, Texas 75202

_____
Eric D. Pearson

## REQUESTS FOR ADMISSION

1.    Admit that Exhibit 1 hereto is a true and correct copy of Plaintiffs' First Amended Petition filed on or about October 23, 2006 in the 116th Judicial District Court, Dallas, Texas, in which you were a plaintiff.

**RESPONSE: Admit.**

2.    Admit that, to the extent the allegations set forth in paragraph 14 of Exhibit 1 hereto relate to Your employment at the Cactus Processing Facility, those allegations are true and correct.

**RESPONSE: Admit.**

3.    Admit that, while You were employed by Swift at the Cactus Processing Facility, You never held a supervisory position, *i.e.*, you did not have the authority to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other Swift employees.

**RESPONSE: Admit.**

4.    Admit that you have never been employed at any of the Other Swift Processing Facilities.

**RESPONSE: Admit.**

**PLAINTIFF MARIA AVILA'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**S202**

**Page 4**

## INTERROGATORIES

1.  Is Your response to each Request for Admission above an unqualified admission (*i.e.*, one in which Your response is either "Admit" or "Yes")? If not, for each response that is not an unqualified admission, state separately the following as to each such Request for Admission:

    a.  Explain the basis for your partial or complete denial of the Request for Admission and state all facts upon which You base Your response;

    b.  Identify all Persons who have knowledge of those facts; and

    c.  Identify all Documents that support Your response to this Interrogatory.

**RESPONSE:** **Yes.**

2.  During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had hired any Persons at the Cactus Processing Facility who were not legally authorized to be employed in the United States. If Your response is yes, then provide separately the following:

    a.  All information You obtained or which came to Your attention while You were a Swift employee indicating that Swift had hired Persons at the Cactus Processing Facility who were not legally authorized to be employed in the United States;

    b.  Identify all Persons employed by Swift at the Cactus Processing Facility while You were a Swift employee who You believed were not legally authorized to be employed in the United States; and

    c.  Identify all Documents that support Your response to this Interrogatory.

**RESPONSE:** **Yes.**

    **a&b.**  **Someone named Olivia would tell another employee she would get her fired because that employee was a "wetback." I heard from Alicia Castaneda that Guatemalans were being hired although they were underage. What SWIFT did was tell those underage employees to state that they were older. Also that a man who was a boss charged people to get them hired.**

    **c.**  **None.**

---

3. During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had hired any Persons at the Other Swift Processing Facilities who were not legally authorized to be employed in the United States. If Your response is yes, then provide separately the following:

    a. Describe all information You obtained or which came to Your attention while you were a Swift employee indicating that Swift had hired Persons at the Other Swift Processing Facilities who were not legally authorized to be employed in the United States;

    b. Identify all Persons employed by Swift at the Other Swift Processing Facilities while You were a Swift employee who You believed were not legally authorized to be employed in the United States; and

    c. Identify all Documents that support Your response to this Interrogatory.

**RESPONSE:** No.


4. During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had assisted any Persons at the Cactus Processing Facility in obtaining false documents relating to their identity and/or immigration status, provided illegal immigrants with advice on how to avoid detection at the Cactus Processing Facility by government authorities, provided illegal immigrants with advice on how to be hired or re-hired at the Cactus Processing Facility despite their illegal immigrant status, took steps to delay or prevent immigration raids at the Cactus Processing Facility by government authorities, or warned illegal immigrants of upcoming immigration raids at the Cactus Processing Facility by government authorities. If Your response is yes, then provide separately the following:

    a. All information You obtained or which came to Your attention which You were a Swift employee indicating that Swift engaged in any such activities at the Cactus Processing Facility;

    b. Identify all Swift employees who participated in or who You believe was aware of any such activities; and

    c. Identify all Documents that support Your response to this Interrogatory.

**RESPONSE:** No.

**PLAINTIFF MARIA AVILA'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**S204**

**Page 6**

5.  During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had assisted any Persons at the Other Swift Processing Facilities in obtaining false documents relating to their identity and/or immigration status, provided illegal immigrants with advice on how to avoid detection at the Other Swift Processing Facilities by government authorities, provided illegal immigrants with advice on how to be hired or re-hired at the other Swift processing Facilities despite their illegal immigrant status, took steps to delay or prevent immigration raids at the Other Swift Processing Facilities by government authorities, or warned illegal immigrants of upcoming immigration raids at the Other Swift Processing Facilities by government authorities.  If Your response if yes, then provide separately the following:

   a.  Describe all information You obtained or which came to Your attention while You were a Swift employee indicating that Swift engaged in any such activities at the Other Swift Processing Facilities;

   b.  Identify all Swift employees who participated in or who You believe was aware of any such activities; and

   c.  Identify all Documents that support Your response to this Interrogatory.

**RESPONSE: No.**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    All Documents upon which You relied in responding to the Requests for Admission and Interrogatories above.

**RESPONSE: None.**

2.    All Documents identified in Your responses to the Interrogatories above.

**RESPONSE: None.**

3.    All Documents relating to any type of fee agreement You have entered into with Your attorneys relating to this litigation, including the "contingency fee contracts" referenced at page 12 of Plaintiffs' Brief in Support of Motion for Class Certification.

**RESPONSE: Plaintiff will produce.**

**PLAINTIFF MARIA AVILA'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**S206**

**Page 8**

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **BLANCA VALENZUELA, et al.** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **VS.** | § | **No. 3:06-CV-2322-N** |
| | § | |
| **SWIFT BEEF COMPANY, INC. D/B/A** | § | |
| **SWIFT COMPANY, et al.** | § | |
| | § | |
| **Defendants.** | § | |

## VERIFICATION

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF _Moore_ | § |

BEFORE ME, the undersigned authority, on this day personally appeared MARIA AVILA, known to me to be the person whose name is subscribed to the foregoing document and upon her oath, stated that she executed these interrogatory responses in her capacity as Plaintiff *M: L-A* in the above styled and numbered cause and that she has ~~read~~ *given* such answers and that they are true and correct to the best of her knowledge.

_Maria Y. Avila_
MARIA AVILA

Sworn to and subscribed before me, the undersigned authority, on this the _6th_ day of _August_, 2008, to certify which witness my hand and seal of office.

_[signature]_
NOTARY PUBLIC, in and for the
State of Texas
My commission expires: _11-16-11_

CLAUDIA M. CANO
Notary Public, State of Texas
My Commission Expires
November 16, 2011

**S207**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLANCA VALENZUELA, MARGIE | § | |
| SALAZAR, JOSE A. SERRATO, JOSIE | § | |
| RENDON, CLARA TOVAR, CONSUELO | § | |
| ESPINO, MARIA AVILA, ERNESTINA | § | |
| NAVARRETTE, MARIA E. MUNOZ, | § | |
| AMANDA SALCIDO, CANDELARIO G. | § | |
| ORTEGA, MARIA ORTIZ, JOSE OLIVA, | § | |
| RAFAELA CHAVEZ, ELODIA ARROYOS, | § | |
| SUSANA CARDIEL, GRACIE RIOS, AND | § | |
| LEONEL RUIZ, individually and on behalf | § | |
| of all others similarly situated | § | |
| | § | |
| | § | No. 3:06-CV-2322-N |
| **Plaintiffs,** | § | |
| | § | |
| VS. | § | |
| | § | |
| SWIFT BEEF COMPANY, INC.  D/B/A | § | |
| SWIFT COMPANY, SWIFT & | § | |
| COMPANY, HICKS, MUSE, TATE & | § | |
| FURST, INC., HM CAPITAL PARTNERS | § | |
| OF DALLAS, LLC and JOHN DOES I-V | § | |
| | § | |
| | § | |
| **Defendants** | § | |

<u>**PLAINTIFF SUSANA CARDIEL'S FIRST SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND
SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION,
INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**</u>

TO:   Defendants, Swift Beef Company d/b/a Swift Company and Swift & Co., by and through
their counsel of record, Robert E. Youle and Brian G. Eberle, SHERMAN & HOWARD LLC,
633 Seventeenth Street, Suite 3000, Denver, Colorado 80202 AND Ken Carroll and
Thomas F. Allen, Jr., CARRINGTON COLEMAN SLOMAN & BLUMENTHAL, 901 Main
Street, Suite 5500, Dallas, Texas 75202.

COMES NOW Susana Cardiel, Plaintiff herein, and pursuant to the Federal Rules of

Civil Procedure, makes and serves this, her First Supplemental Objections and Responses to

---

PLAINTIFF SUSANA CARDIEL'S FIRST SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND
SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION,
INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

**S208**

Page 1

Defendants' First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents.

Respectfully submitted,

HEYGOOD, ORR, REYES, PEARSON & BARTOLOMEI

Michael E. Heygood
Texas State Bar No. 00784267
E-mail: Michael@ReyesLaw.com
Eric D. Pearson
Texas State Bar No. 15690472
E-mail: Eric@ReyesLaw.com
Charles W. Miller
Texas State Bar No. 24007677
E-mail: Charles@ReyesLaw.com
2331 W. Northwest Highway, 2nd Floor
Dallas, Texas 75220
214/526-7900
214/526-7910 (fax)

**ATTORNEYS FOR PUTATIVE CLASS
REPRESENTATIVES**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all counsel of record in this cause on this the _8th_ day of August 2008, as indicated below.

Robert E. Youle                                            **via facsimile (303) 298-0940**
Brian G. Eberle
SHERMAN & HOWARD LLC
633 Seventeenth Street
Suite 3000
Denver, Colorado 80202

Ken Carroll                                                **via facsimile (214) 855-1333**
Thomas F. Allen, Jr.
CARRINGTON COLEMAN SLOMAN & BLUMENTHAL
901 Main Street, Suite 5500
Dallas, Texas 75202

_____
Eric D. Pearson

## REQUESTS FOR ADMISSION

1.    Admit that Exhibit 1 hereto is a true and correct copy of Plaintiffs' First Amended Petition filed on or about October 23, 2006 in the 116th Judicial District Court, Dallas, Texas, in which you were a plaintiff.

**RESPONSE:  Admit.**

2.    Admit that, to the extent the allegations set forth in paragraph 14 of Exhibit 1 hereto relate to Your employment at the Cactus Processing Facility, those allegations are true and correct.

**RESPONSE:  Admit.**

3.    Admit that, while You were employed by Swift at the Cactus Processing Facility, You never held a supervisory position, *i.e.*, you did not have the authority to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other Swift employees.

**RESPONSE:  Admit.**

4.    Admit that you have never been employed at any of the Other Swift Processing Facilities.

**RESPONSE:  Admit.**

## INTERROGATORIES

1.  Is Your response to each Request for Admission above an unqualified admission (*i.e.*, one in which Your response is either "Admit" or "Yes")?  If not, for each response that is not an unqualified admission, state separately the following as to each such Request for Admission:

    a.  Explain the basis for your partial or complete denial of the Request for Admission and state all facts upon which You base Your response;

    b.  Identify all Persons who have knowledge of those facts; and

    c.  Identify all Documents that support Your response to this Interrogatory.

**RESPONSE:** **Yes.**

2.  During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had hired any Persons at the Cactus Processing Facility who were not legally authorized to be employed in the United States.  If Your response is yes, then provide separately the following:

    a.  All information You obtained or which came to Your attention while You were a Swift employee indicating that Swift had hired Persons at the Cactus Processing Facility who were not legally authorized to be employed in the United States;

    b.  Identify all Persons employed by Swift at the Cactus Processing Facility while You were a Swift employee who You believed were not legally authorized to be employed in the United States; and

    c.  Identify all Documents that support Your response to this Interrogatory.

**RESPONSE:** **Yes.**

    a.  **There were rumors at the plant by persons/employees about how Swift hired illegals.  At one point a lot of persons from Guatemala were hired at Swift. There was a lot of discussion among the employees that they did not look of age or old enough to be working.  When some of the new Guatemalan employees were asked what their age or name was they would only smith and walk away without answering.**

    b.  **None by name.**

c.    None.

3.    During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had hired any Persons at the Other Swift Processing Facilities who were not legally authorized to be employed in the United States. If Your response is yes, then provide separately the following:

    a.    Describe all information You obtained or which came to Your attention while you were a Swift employee indicating that Swift had hired Persons at the Other Swift Processing Facilities who were not legally authorized to be employed in the United States;

    b.    Identify all Persons employed by Swift at the Other Swift Processing Facilities while You were a Swift employee who You believed were not legally authorized to be employed in the United States; and

    c.    Identify all Documents that support Your response to this Interrogatory.

**RESPONSE: No.**

4.    During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had assisted any Persons at the Cactus Processing Facility in obtaining false documents relating to their identity and/or immigration status, provided illegal immigrants with advice on how to avoid detection at the Cactus Processing Facility by government authorities, provided illegal immigrants with advice on how to be hired or re-hired at the Cactus Processing Facility despite their illegal immigrant status, took steps to delay or prevent immigration raids at the Cactus Processing Facility by government authorities, or warned illegal immigrants of upcoming immigration raids at the Cactus Processing Facility by government authorities. If Your response is yes, then provide separately the following:

    a.    All information You obtained or which came to Your attention which You were a Swift employee indicating that Swift engaged in any such activities at the Cactus Processing Facility;

    b.    Identify all Swift employees who participated in or who You believe was aware of any such activities; and

    c.    Identify all Documents that support Your response to this Interrogatory.

**PLAINTIFF SUSANA CARDIEL'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**S213**

**Page 6**

**RESPONSE: Yes as the whether Swift gave waning about immigration checks at the plant.**

    **a.**    **During the time I was an employee there were four or five times that Swift supervisors would tell the employees that immigration was going to be at the plant on a given day to check that employees had their documents in order. When that given day arrived, there was always an absence of many people.**

    **b.**    **The employees should know as they were warned about immigration checks. The supervisors that I heard give those warnings were Rita (I cannot recall his last name), Joe Gutierrez, and an African-American man known as "Day-o" [phonetic]. I do not know the spelling.**

    **c.**    **None.**

5.    During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had assisted any Persons at the Other Swift Processing Facilities in obtaining false documents relating to their identity and/or immigration status, provided illegal immigrants with advice on how to avoid detection at the Other Swift Processing Facilities by government authorities, provided illegal immigrants with advice on how to be hired or re-hired at the other Swift processing Facilities despite their illegal immigrant status, took steps to delay or prevent immigration raids at the Other Swift Processing Facilities by government authorities, or warned illegal immigrants of upcoming immigration raids at the Other Swift Processing Facilities by government authorities. If Your response if yes, then provide separately the following:

    a.    Describe all information You obtained or which came to Your attention while You were a Swift employee indicating that Swift engaged in any such activities at the Other Swift Processing Facilities;

    b.    Identify all Swift employees who participated in or who You believe was aware of any such activities; and

    c.    Identify all Documents that support Your response to this Interrogatory.

**RESPONSE: No.**

**PLAINTIFF SUSANA CARDIEL'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**S214**

**Page 7**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    All Documents upon which You relied in responding to the Requests for Admission and Interrogatories above.

**RESPONSE:  None.**

2.    All Documents identified in Your responses to the Interrogatories above.

**RESPONSE:  None.**

3.    All Documents relating to any type of fee agreement You have entered into with Your attorneys relating to this litigation, including the "contingency fee contracts" referenced at page 12 of Plaintiffs' Brief in Support of Motion for Class Certification.

**RESPONSE:  Plaintiff will produce.**

**PLAINTIFF SUSANA CARDIEL'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**    **S215**

**Page 8**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BLANCA VALENZUELA, et al.    §
            §
   Plaintiffs       §
            §
VS.            §    No. 3:06-CV-2322-N
            §
SWIFT BEEF COMPANY, INC.  D/B/A   §
SWIFT COMPANY, et al.     §
            §
   Defendants.      §

## VERIFICATION

STATE OF TEXAS       §
            §
COUNTY OF MOORE      §

BEFORE ME, the undersigned authority, on this day personally appeared SUSANA

CARDIEL, known to me to be the person whose name is subscribed to the foregoing document

and upon her oath, stated that she executed these interrogatory responses in her capacity as

Plaintiff in the above styled and numbered cause and that she has given such answers and that they

are true and correct to the best of her knowledge.

_Susana Cardiel_
SUSANA CARDIEL

Sworn to and subscribed before me, the undersigned authority, on this the 6th day of

_August_, 2008, to certify which witness my hand and seal of office.

_Claudia Cano_
NOTARY PUBLIC, in and for the
State of Texas
My commission expires: _11-16-11_

CLAUDIA M. CANO
Notary Public, State of Texas
My Commission Expires
November 16, 2011

**S216**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLANCA VALENZUELA, MARGIE SALAZAR, JOSE A. SERRATO, JOSIE RENDON, CLARA TOVAR, CONSUELO ESPINO, MARIA AVILA, ERNESTINA NAVARRETTE, MARIA E. MUNOZ, AMANDA SALCIDO, CANDELARIO G. ORTEGA, MARIA ORTIZ, JOSE OLIVA, RAFAELA CHAVEZ, ELODIA ARROYOS, SUSANA CARDIEL, GRACIE RIOS, AND LEONEL RUIZ, individually and on behalf of all others similarly situated | § § § § § § § § § § § § | |
| Plaintiffs, | § § § | No. 3:06-CV-2322-N |
| VS. | § § | |
| SWIFT BEEF COMPANY, INC. D/B/A SWIFT COMPANY, SWIFT & COMPANY, HICKS, MUSE, TATE & FURST, INC., HM CAPITAL PARTNERS OF DALLAS, LLC and JOHN DOES I-V | § § § § § § § | |
| Defendants | § | |

**PLAINTIFF CONSUELO ESPINO'S FIRST SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND
SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION,
INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

TO:    Defendants, Swift Beef Company d/b/a Swift Company and Swift & Co., by and through
their counsel of record, Robert E. Youle and Brian G. Eberle, SHERMAN & HOWARD LLC,
633 Seventeenth Street, Suite 3000, Denver, Colorado 80202 AND Ken Carroll and
Thomas F. Allen, Jr., CARRINGTON COLEMAN SLOMAN & BLUMENTHAL, 901 Main
Street, Suite 5500, Dallas, Texas 75202.

COMES NOW Consuelo Espino, Plaintiff herein, and pursuant to the Federal Rules of

Civil Procedure, makes and serves this, her First Supplemental Objections and Responses to

PLAINTIFF CONSUELO ESPINO'S FIRST SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND
SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION,
INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

S217

Page 1

Defendants' First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents.

Respectfully submitted,

HEYGOOD, ORR, REYES, PEARSON & BARTOLOMEI

Michael E. Heygood
Texas State Bar No. 00784267
E-mail: Michael@ReyesLaw.com
Eric D. Pearson
Texas State Bar No. 15690472
E-mail: Eric@ReyesLaw.com
Charles W. Miller
Texas State Bar No. 24007677
E-mail: Charles@ReyesLaw.com
2331 W. Northwest Highway, 2nd Floor
Dallas, Texas 75220
214/526-7900
214/526-7910 (fax)

**ATTORNEYS FOR PUTATIVE CLASS
REPRESENTATIVES**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing document has been served upon all counsel of record in this cause on this the _7th_ day of August 2008, as indicated below.

Robert E. Youle                                              **via facsimile (303) 298-0940**
Brian G. Eberle
SHERMAN & HOWARD LLC
633 Seventeenth Street
Suite 3000
Denver, Colorado 80202


Ken Carroll                                                  **via facsimile (214) 855-1333**
Thomas F. Allen, Jr.
CARRINGTON COLEMAN SLOMAN & BLUMENTHAL
901 Main Street, Suite 5500
Dallas, Texas 75202


_____
Eric D. Pearson

## REQUESTS FOR ADMISSION

1.  Admit that Exhibit 1 hereto is a true and correct copy of Plaintiffs' First Amended Petition filed on or about October 23, 2006 in the 116th Judicial District Court, Dallas, Texas, in which you were a plaintiff.

**RESPONSE: Admit.**

2.  Admit that, to the extent the allegations set forth in paragraph 14 of Exhibit 1 hereto relate to Your employment at the Cactus Processing Facility, those allegations are true and correct.

**RESPONSE: Admit.**

3.  Admit that, while You were employed by Swift at the Cactus Processing Facility, You never held a supervisory position, *i.e.*, you did not have the authority to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other Swift employees.

**RESPONSE: Admit.**

4.  Admit that you have never been employed at any of the Other Swift Processing Facilities.

**RESPONSE: Admit.**

**PLAINTIFF CONSUELO ESPINO'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**S220**

**Page 4**

## INTERROGATORIES

1. Is Your response to each Request for Admission above an unqualified admission (*i.e.*, one in which Your response is either "Admit" or "Yes")? If not, for each response that is not an unqualified admission, state separately the following as to each such Request for Admission:

   a. Explain the basis for your partial or complete denial of the Request for Admission and state all facts upon which You base Your response;

   b. Identify all Persons who have knowledge of those facts; and

   c. Identify all Documents that support Your response to this Interrogatory.

**RESPONSE:** Yes.

2. During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had hired any Persons at the Cactus Processing Facility who were not legally authorized to be employed in the United States. If Your response is yes, then provide separately the following:

   a. All information You obtained or which came to Your attention while You were a Swift employee indicating that Swift had hired Persons at the Cactus Processing Facility who were not legally authorized to be employed in the United States;

   b. Identify all Persons employed by Swift at the Cactus Processing Facility while You were a Swift employee who You believed were not legally authorized to be employed in the United States; and

   c. Identify all Documents that support Your response to this Interrogatory.

**RESPONSE:** Yes.

   **a.** I knew a lot of them. One of them was my ex-husband and ex-sister-in-law.

   **b.** Carlos Espino worked under the name of Jose Arreola. Marisol Espino worked under the name of Monica, I believe.

   **c.** They had Texas ID and paystubs, but I do not have copies of those documents.

3.  During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had hired any Persons at the Other Swift Processing Facilities who were not legally authorized to be employed in the United States. If Your response is yes, then provide separately the following:

    a.  Describe all information You obtained or which came to Your attention while you were a Swift employee indicating that Swift had hired Persons at the Other Swift Processing Facilities who were not legally authorized to be employed in the United States;

    b.  Identify all Persons employed by Swift at the Other Swift Processing Facilities while You were a Swift employee who You believed were not legally authorized to be employed in the United States; and

    c.  Identify all Documents that support Your response to this Interrogatory.

**RESPONSE:** **No.**

4.  During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had assisted any Persons at the Cactus Processing Facility in obtaining false documents relating to their identity and/or immigration status, provided illegal immigrants with advice on how to avoid detection at the Cactus Processing Facility by government authorities, provided illegal immigrants with advice on how to be hired or re-hired at the Cactus Processing Facility despite their illegal immigrant status, took steps to delay or prevent immigration raids at the Cactus Processing Facility by government authorities, or warned illegal immigrants of upcoming immigration raids at the Cactus Processing Facility by government authorities. If Your response is yes, then provide separately the following:

    a.  All information You obtained or which came to Your attention which You were a Swift employee indicating that Swift engaged in any such activities at the Cactus Processing Facility;

    b.  Identify all Swift employees who participated in or who You believe was aware of any such activities; and

    c.  Identify all Documents that support Your response to this Interrogatory.

**RESPONSE:** **Yes.**

PLAINTIFF CONSUELO ESPINO'S FIRST SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND
SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION,
INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

**S222**

Page 6

a. I've heard people say that my sister-in-law was told by her supervisor not to come in after the second raid, which was in the morning. She worked the afternoon shift.

b. Oscar Arriaga, I believe was getting paid to tell people where to go to get their papers. Also there were people, Rene Gonzalez, getting paid to go to Juarez and El Paso to bring workers.

c. No documents, just common knowledge and people would talk. People off the lines would say that Rene had gone out this weekend and brought so many people back with her.

5. During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had assisted any Persons at the Other Swift Processing Facilities in obtaining false documents relating to their identity and/or immigration status, provided illegal immigrants with advice on how to avoid detection at the Other Swift Processing Facilities by government authorities, provided illegal immigrants with advice on how to be hired or re-hired at the other Swift processing Facilities despite their illegal immigrant status, took steps to delay or prevent immigration raids at the Other Swift Processing Facilities by government authorities, or warned illegal immigrants of upcoming immigration raids at the Other Swift Processing Facilities by government authorities. If Your response if yes, then provide separately the following:

a. Describe all information You obtained or which came to Your attention while You were a Swift employee indicating that Swift engaged in any such activities at the Other Swift Processing Facilities;

b. Identify all Swift employees who participated in or who You believe was aware of any such activities; and

c. Identify all Documents that support Your response to this Interrogatory.

**RESPONSE:** No.

PLAINTIFF CONSUELO ESPINO'S FIRST SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND
SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION,
INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

S223

Page 7

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All Documents upon which You relied in responding to the Requests for Admission and Interrogatories above.

**RESPONSE:** **None.**

2.     All Documents identified in Your responses to the Interrogatories above.

**RESPONSE:** **None.**

3.     All Documents relating to any type of fee agreement You have entered into with Your attorneys relating to this litigation, including the "contingency fee contracts" referenced at page 12 of Plaintiffs' Brief in Support of Motion for Class Certification.

**RESPONSE:** **Plaintiff will produce.**

**PLAINTIFF CONSUELO ESPINO'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**S224**

Page 8

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLANCA VALENZUELA, MARGIE<br>SALAZAR, JOSE A. SERRATO, JOSIE<br>RENDON, CLARA TOVAR, CONSUELO<br>ESPINO, MARIA AVILA, ERNESTINA<br>NAVARRETTE, MARIA E. MUNOZ,<br>AMANDA SALCIDO, CANDELARIO G.<br>ORTEGA, MARIA ORTIZ, JOSE OLIVA,<br>RAFAELA CHAVEZ, ELODIA ARROYOS,<br>SUSANA CARDIEL, GRACIE RIOS, AND<br>LEONEL RUIZ, individually and on behalf<br>of all others similarly situated | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| | § | No. 3:06-CV-2322-N |
| Plaintiffs, | §<br>§ | |
| VS. | §<br>§ | |
| SWIFT BEEF COMPANY, INC. D/B/A<br>SWIFT COMPANY, SWIFT &<br>COMPANY, HICKS, MUSE, TATE &<br>FURST, INC., HM CAPITAL PARTNERS<br>OF DALLAS, LLC and JOHN DOES I-V | §<br>§<br>§<br>§<br>§<br>§ | |
| Defendants | §<br>§ | |

**PLAINTIFF JOSE OLIVA'S FIRST SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND
SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION,
INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

TO:    Defendants, Swift Beef Company d/b/a Swift Company and Swift & Co., by and through their counsel of record, Robert E. Youle and Brian G. Eberle, SHERMAN & HOWARD LLC, 633 Seventeenth Street, Suite 3000, Denver, Colorado 80202 AND Ken Carroll and Thomas F. Allen, Jr., CARRINGTON COLEMAN SLOMAN & BLUMENTHAL, 901 Main Street, Suite 5500, Dallas, Texas 75202.

COMES NOW Jose Oliva, Plaintiff herein, and pursuant to the Federal Rules of Civil

Procedure, makes and serves this, his First Supplemental Objections and Responses to

PLAINTIFF JOSE OLIVA'S FIRST SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND
SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION,
INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

S225

Page 1

Defendants' First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents.

Respectfully submitted,

HEYGOOD, ORR, REYES, PEARSON & BARTOLOMEI

Michael E. Heygood
Texas State Bar No. 00784267
E-mail: Michael@ReyesLaw.com
Eric D. Pearson
Texas State Bar No. 15690472
E-mail: Eric@ReyesLaw.com
Charles W. Miller
Texas State Bar No. 24007677
E-mail: Charles@ReyesLaw.com
2331 W. Northwest Highway, 2nd Floor
Dallas, Texas 75220
214/526-7900
214/526-7910 (fax)

**ATTORNEYS FOR PUTATIVE CLASS REPRESENTATIVES**

PLAINTIFF JOSE OLIVA'S FIRST SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND
SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION,
INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

S226

Page 2

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all counsel of record in this cause on this the _12th_ day of August 2008, as indicated below.

Robert E. Youle                                        **via facsimile (303) 298-0940**
Brian G. Eberle
SHERMAN & HOWARD LLC
633 Seventeenth Street
Suite 3000
Denver, Colorado 80202

Ken Carroll                                            **via facsimile (214) 855-1333**
Thomas F. Allen, Jr.
CARRINGTON COLEMAN SLOMAN & BLUMENTHAL
901 Main Street, Suite 5500
Dallas, Texas 75202

Eric D. Pearson

## REQUESTS FOR ADMISSION

1.  Admit that Exhibit 1 hereto is a true and correct copy of Plaintiffs' First Amended Petition filed on or about October 23, 2006 in the 116th Judicial District Court, Dallas, Texas, in which you were a plaintiff.

**RESPONSE: Admit.**

2.  Admit that, to the extent the allegations set forth in paragraph 14 of Exhibit 1 hereto relate to Your employment at the Cactus Processing Facility, those allegations are true and correct.

**RESPONSE: Admit.**

3.  Admit that, while You were employed by Swift at the Cactus Processing Facility, You never held a supervisory position, *i.e.*, you did not have the authority to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other Swift employees.

**RESPONSE: Admit.**

4.  Admit that you have never been employed at any of the Other Swift Processing Facilities.

**RESPONSE: Admit.**

## INTERROGATORIES

1.  Is Your response to each Request for Admission above an unqualified admission (*i.e.*, one in which Your response is either "Admit" or "Yes")?  If not, for each response that is not an unqualified admission, state separately the following as to each such Request for Admission:

    a.  Explain the basis for your partial or complete denial of the Request for Admission and state all facts upon which You base Your response;

    b.  Identify all Persons who have knowledge of those facts; and

    c.  Identify all Documents that support Your response to this Interrogatory.

**RESPONSE:** Yes.


2.  During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had hired any Persons at the Cactus Processing Facility who were not legally authorized to be employed in the United States.  If Your response is yes, then provide separately the following:

    a.  All information You obtained or which came to Your attention while You were a Swift employee indicating that Swift had hired Persons at the Cactus Processing Facility who were not legally authorized to be employed in the United States;

    b.  Identify all Persons employed by Swift at the Cactus Processing Facility while You were a Swift employee who You believed were not legally authorized to be employed in the United States; and

    c.  Identify all Documents that support Your response to this Interrogatory.

**RESPONSE:** Yes.

    **a & b**  **A boy who went by the name of "Aubrey Smith" admitted to me that he was from Guatemala and that he had come to SWIFT because the company administration had secured him with documents with which to work and guaranteed him a job. The documents were a green card and social security card. In exchange, "Aubrey" had to pay them $2,000.00.**

    c.  **None.**

3.   During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had hired any Persons at the Other Swift Processing Facilities who were not legally authorized to be employed in the United States. If Your response is yes, then provide separately the following:

    a.   Describe all information You obtained or which came to Your attention while you were a Swift employee indicating that Swift had hired Persons at the Other Swift Processing Facilities who were not legally authorized to be employed in the United States;

    b.   Identify all Persons employed by Swift at the Other Swift Processing Facilities while You were a Swift employee who You believed were not legally authorized to be employed in the United States; and

    c.   Identify all Documents that support Your response to this Interrogatory.

**RESPONSE:** **No.**

4.   During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had assisted any Persons at the Cactus Processing Facility in obtaining false documents relating to their identity and/or immigration status, provided illegal immigrants with advice on how to avoid detection at the Cactus Processing Facility by government authorities, provided illegal immigrants with advice on how to be hired or re-hired at the Cactus Processing Facility despite their illegal immigrant status, took steps to delay or prevent immigration raids at the Cactus Processing Facility by government authorities, or warned illegal immigrants of upcoming immigration raids at the Cactus Processing Facility by government authorities. If Your response is yes, then provide separately the following:

    a.   All information You obtained or which came to Your attention which You were a Swift employee indicating that Swift engaged in any such activities at the Cactus Processing Facility;

    b.   Identify all Swift employees who participated in or who You believe was aware of any such activities; and

    c.   Identify all Documents that support Your response to this Interrogatory.

**RESPONSE:** **Yes.**

    a.   **The company would let the employees know that immigration was checking work documents. Also, on some occasions, SWIFT called persons to the**

PLAINTIFF JOSE OLIVA'S FIRST SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND
SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION,
INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

**S230**

Page 6

office to have immigration check their documents. It so happened that they only ever called legal persons and not illegals, at least to my knowledge.

b.    no names

c.    none

5.    During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had assisted any Persons at the Other Swift Processing Facilities in obtaining false documents relating to their identity and/or immigration status, provided illegal immigrants with advice on how to avoid detection at the Other Swift Processing Facilities by government authorities, provided illegal immigrants with advice on how to be hired or re-hired at the other Swift processing Facilities despite their illegal immigrant status, took steps to delay or prevent immigration raids at the Other Swift Processing Facilities by government authorities, or warned illegal immigrants of upcoming immigration raids at the Other Swift Processing Facilities by government authorities. If Your response if yes, then provide separately the following:

a.    Describe all information You obtained or which came to Your attention while You were a Swift employee indicating that Swift engaged in any such activities at the Other Swift Processing Facilities;

b.    Identify all Swift employees who participated in or who You believe was aware of any such activities; and

c.    Identify all Documents that support Your response to this Interrogatory.

**RESPONSE:** No.

**PLAINTIFF JOSE OLIVA'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**S231**

Page 7

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    All Documents upon which You relied in responding to the Requests for Admission and Interrogatories above.

**RESPONSE: None.**

2.    All Documents identified in Your responses to the Interrogatories above.

**RESPONSE: None.**

3.    All Documents relating to any type of fee agreement You have entered into with Your attorneys relating to this litigation, including the "contingency fee contracts" referenced at page 12 of Plaintiffs' Brief in Support of Motion for Class Certification.

**RESPONSE: Plaintiff will produce.**

PLAINTIFF JOSE OLIVA'S FIRST SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND
SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION,
INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

S232

Page 8

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLANCA VALENZUELA, MARGIE SALAZAR, JOSE A. SERRATO, JOSIE RENDON, CLARA TOVAR, CONSUELO ESPINO, MARIA AVILA, ERNESTINA NAVARRETTE, MARIA E. MUNOZ, AMANDA SALCIDO, CANDELARIO G. ORTEGA, MARIA ORTIZ, JOSE OLIVA, RAFAELA CHAVEZ, ELODIA ARROYOS, SUSANA CARDIEL, GRACIE RIOS, AND LEONEL RUIZ, individually and on behalf of all others similarly situated | § § § § § § § § § § § § § § § § § § § | |
| Plaintiffs, | | No. 3:06-CV-2322-N |
| VS. | | |
| SWIFT BEEF COMPANY, INC. D/B/A SWIFT COMPANY, SWIFT & COMPANY, HICKS, MUSE, TATE & FURST, INC., HM CAPITAL PARTNERS OF DALLAS, LLC and JOHN DOES I-V | | |
| Defendants | | |

## PLAINTIFF JOSIE RENDON'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:    Defendants, Swift Beef Company d/b/a Swift Company and Swift & Co., by and through their counsel of record, Robert E. Youle and Brian G. Eberle, SHERMAN & HOWARD LLC, 633 Seventeenth Street, Suite 3000, Denver, Colorado 80202 AND Ken Carroll and Thomas F. Allen, Jr., CARRINGTON COLEMAN SLOMAN & BLUMENTHAL, 901 Main Street, Suite 5500, Dallas, Texas 75202.

COMES NOW Josie Rendon, Plaintiff herein, and pursuant to the Federal Rules of Civil

Procedure, makes and serves this, her First Supplemental Objections and Responses to

Defendants' First Set of Requests for Admission, Interrogatories, and Requests for Production of

Documents.

Respectfully submitted,

HEYGOOD, ORR, REYES, PEARSON & BARTOLOMEI

Michael H. Heygood
Texas State Bar No. 00784267
E-mail: Michael@ReyesLaw.com
Eric D. Pearson
Texas State Bar No. 15690472
E-mail: Eric@ReyesLaw.com
Charles W. Miller
Texas State Bar No. 24007677
E-mail: Charles@ReyesLaw.com
2331 W. Northwest Highway, 2nd Floor
Dallas, Texas 75220
214/526-7900
214/526-7910 (fax)

**ATTORNEYS FOR PUTATIVE CLASS
REPRESENTATIVES**

**PLAINTIFF JOSIE RENDON'S FIRST SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND
SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION,
INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**S234**

**Page 2**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all counsel of record in this cause on this the $2/2/$ day of July 2008, as indicated below.

Robert E. Youle
Brian G. Eberle
SHERMAN & HOWARD LLC
633 Seventeenth Street
Suite 3000
Denver, Colorado 80202

Ken Carroll
Thomas F. Allen, Jr.
CARRINGTON COLEMAN SLOMAN & BLUMENTHAL
901 Main Street, Suite 5500
Dallas, Texas 75202

Eric D. Pearson

## REQUESTS FOR ADMISSION

1.      Admit that Exhibit 1 hereto is a true and correct copy of Plaintiffs' First Amended Petition filed on or about October 23, 2006 in the 116th Judicial District Court, Dallas, Texas, in which you were a plaintiff.

**RESPONSE: Admit.**


2.      Admit that, to the extent the allegations set forth in paragraph 14 of Exhibit 1 hereto relate to Your employment at the Cactus Processing Facility, those allegations are true and correct.

**RESPONSE: Admit.**


3.      Admit that, while You were employed by Swift at the Cactus Processing Facility, You never held a supervisory position, *i.e.*, you did not have the authority to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other Swift employees.

**RESPONSE: Admit.**


4.      Admit that you have never been employed at any of the Other Swift Processing Facilities.

**RESPONSE: Admit.**


**PLAINTIFF JOSIE RENDON'S FIRST SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND
SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION,
INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**S236**

**Page 4**

## INTERROGATORIES

1.  Is Your response to each Request for Admission above an unqualified admission (*i.e.*, one in which Your response is either "Admit" or "Yes")? If not, for each response that is not an unqualified admission, state separately the following as to each such Request for Admission:

    a.  Explain the basis for your partial or complete denial of the Request for Admission and state all facts upon which You base Your response;

    b.  Identify all Persons who have knowledge of those facts; and

    c.  Identify all Documents that support Your response to this Interrogatory.

**RESPONSE:** Yes.

2.  During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had hired any Persons at the Cactus Processing Facility who were not legally authorized to be employed in the United States. If Your response is yes, then provide separately the following:

    a.  All information You obtained or which came to Your attention while You were a Swift employee indicating that Swift had hired Persons at the Cactus Processing Facility who were not legally authorized to be employed in the United States;

    b.  Identify all Persons employed by Swift at the Cactus Processing Facility while You were a Swift employee who You believed were not legally authorized to be employed in the United States; and

    c.  Identify all Documents that support Your response to this Interrogatory.

**RESPONSE:**

    a.  **One of the guys that was working with me there, but he took off working and left his apron there. They said he did not have any papers.**

    b.  **None.**

    c.  **None.**

**PLAINTIFF JOSIE RENDON'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**S237**

**Page 5**

3.   During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had hired any Persons at the Other Swift Processing Facilities who were not legally authorized to be employed in the United States.  If Your response is yes, then provide separately the following:

    a.   Describe all information You obtained or which came to Your attention while you were a Swift employee indicating that Swift had hired Persons at the Other Swift Processing Facilities who were not legally authorized to be employed in the United States;

    b.   Identify all Persons employed by Swift at the Other Swift Processing Facilities while You were a Swift employee who You believed were not legally authorized to be employed in the United States; and

    c.   Identify all Documents that support Your response to this Interrogatory.

**RESPONSE:**  No.

4.   During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had assisted any Persons at the Cactus Processing Facility in obtaining false documents relating to their identity and/or immigration status, provided illegal immigrants with advice on how to avoid detection at the Cactus Processing Facility by government authorities, provided illegal immigrants with advice on how to be hired or re-hired at the Cactus Processing Facility despite their illegal immigrant status, took steps to delay or prevent immigration raids at the Cactus Processing Facility by government authorities, or warned illegal immigrants of upcoming immigration raids at the Cactus Processing Facility by government authorities.  If Your response is yes, then provide separately the following:

    a.   All information You obtained or which came to Your attention which You were a Swift employee indicating that Swift engaged in any such activities at the Cactus Processing Facility;

    b.   Identify all Swift employees who participated in or who You believe was aware of any such activities; and

    c.   Identify all Documents that support Your response to this Interrogatory.

**RESPONSE:**  No.

**PLAINTIFF JOSIE RENDON'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**   **S238**

**Page 6**

5.  During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had assisted any Persons at the Other Swift Processing Facilities in obtaining false documents relating to their identity and/or immigration status, provided illegal immigrants with advice on how to avoid detection at the Other Swift Processing Facilities by government authorities, provided illegal immigrants with advice on how to be hired or re-hired at the other Swift processing Facilities despite their illegal immigrant status, took steps to delay or prevent immigration raids at the Other Swift Processing Facilities by government authorities, or warned illegal immigrants of upcoming immigration raids at the Other Swift Processing Facilities by government authorities. If Your response if yes, then provide separately the following:

   a.  Describe all information You obtained or which came to Your attention while You were a Swift employee indicating that Swift engaged in any such activities at the Other Swift Processing Facilities;

   b.  Identify all Swift employees who participated in or who You believe was aware of any such activities; and

   c.  Identify all Documents that support Your response to this Interrogatory.

**RESPONSE:** No.

**PLAINTIFF JOSIE RENDON'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**S239**

Page 7

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.  All Documents upon which You relied in responding to the Requests for Admission and Interrogatories above.

**RESPONSE: None.**

2.  All Documents identified in Your responses to the Interrogatories above.

**RESPONSE: None.**

3.  All Documents relating to any type of fee agreement You have entered into with Your attorneys relating to this litigation, including the "contingency fee contracts" referenced at page 12 of Plaintiffs' Brief in Support of Motion for Class Certification.

**RESPONSE: Plaintiff will produce.**

PLAINTIFF JOSIE RENDON'S FIRST SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND
SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION,
INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

S240

Page 8

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLANCA VALENZUELA, et al. | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | No. 3:06-CV-2322-N |
| | § | |
| SWIFT BEEF COMPANY, INC. D/B/A | § | |
| SWIFT COMPANY, et al. | § | |
| | § | |
| Defendants. | § | |

## VERIFICATION

STATE OF TEXAS          §
                       §
COUNTY OF *Williamson*   §

BEFORE ME, the undersigned authority, on this day personally appeared JOSIE

RENDON, known to me to be the person whose name is subscribed to the foregoing document

and upon her oath, stated that she executed these interrogatory responses in her capacity as

Plaintiff in the above styled and numbered cause and that she has read such answers and that they

are true and correct to the best of her knowledge.

*Josie Rendon*
JOSIE RENDON

Sworn to and subscribed before me, the undersigned authority, on this the 8th day of

*August*, 2008, to certify which witness my hand and seal of office.



JENNIFER ADELE BIERDS
Notary Public, State of Texas
My Commission Expires
February 09, 2011

*Jennifer Adele Bierds*
NOTARY PUBLIC, in and for the
State of Texas
My commission expires: 2-9-11

**S241**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLANCA VALENZUELA, MARGIE | § | |
| SALAZAR, JOSE A. SERRATO, JOSIE | § | |
| RENDON, CLARA TOVAR, CONSUELO | § | |
| ESPINO, MARIA AVILA, ERNESTINA | § | |
| NAVARRETTE, MARIA E. MUNOZ, | § | |
| AMANDA SALCIDO, CANDELARIO G. | § | |
| ORTEGA, MARIA ORTIZ, JOSE OLIVA, | § | |
| RAFAELA CHAVEZ, ELODIA ARROYOS, | § | |
| SUSANA CARDIEL, GRACIE RIOS, AND | § | |
| LEONEL RUIZ, individually and on behalf | § | |
| of all others similarly situated | § | |
| | § | No. 3:06-CV-2322-N |
| Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | |
| SWIFT BEEF COMPANY, INC. D/B/A | § | |
| SWIFT COMPANY, SWIFT & | § | |
| COMPANY, HICKS, MUSE, TATE & | § | |
| FURST, INC., HM CAPITAL PARTNERS | § | |
| OF DALLAS, LLC and JOHN DOES I-V | § | |
| | § | |
| Defendants | § | |

### PLAINTIFF GRACIE RIOS' FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:   Defendants, Swift Beef Company d/b/a Swift Company and Swift & Co., by and through their counsel of record, Robert E. Youle and Brian G. Eberle, SHERMAN & HOWARD LLC, 633 Seventeenth Street, Suite 3000, Denver, Colorado 80202 AND Ken Carroll and Thomas F. Allen, Jr., CARRINGTON COLEMAN SLOMAN & BLUMENTHAL, 901 Main Street, Suite 5500, Dallas, Texas 75202.

COMES NOW Gracie Rios, Plaintiff herein, and pursuant to the Federal Rules of Civil

Procedure, makes and serves this, her First Supplemental Objections and Responses to

PLAINTIFF GRACIE RIOS' FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

S242

Page 1

Defendants' First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents.

Respectfully submitted,

HEYGOOD, ORR, REYES, PEARSON & BARTOLOMEI

Michael E. Heygood
Texas State Bar No. 00784267
E-mail: Michael@ReyesLaw.com
Eric D. Pearson
Texas State Bar No. 15690472
E-mail: Eric@ReyesLaw.com
Charles W. Miller
Texas State Bar No. 24007677
E-mail: Charles@ReyesLaw.com
2331 W. Northwest Highway, 2nd Floor
Dallas, Texas 75220
214/526-7900
214/526-7910 (fax)

**ATTORNEYS FOR PUTATIVE CLASS
REPRESENTATIVES**

PLAINTIFF GRACIE RIOS' FIRST SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND
SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION,
INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

S243

Page 2

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all counsel of record in this cause on this the _7th_ day of August 2008, as indicated below.

Robert E. Youle                                    **via facsimile (303) 298-0940**
Brian G. Eberle
SHERMAN & HOWARD LLC
633 Seventeenth Street
Suite 3000
Denver, Colorado 80202

Ken Carroll                                        **via facsimile (214) 855-1333**
Thomas F. Allen, Jr.
CARRINGTON COLEMAN SLOMAN & BLUMENTHAL
901 Main Street, Suite 5500
Dallas, Texas 75202

_____
Eric D. Pearson

**PLAINTIFF GRACIE RIOS' FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**S244**

**Page 3**

## REQUESTS FOR ADMISSION

1.      Admit that Exhibit 1 hereto is a true and correct copy of Plaintiffs' First Amended Petition filed on or about October 23, 2006 in the 116th Judicial District Court, Dallas, Texas, in which you were a plaintiff.

**RESPONSE: Admit.**


2.      Admit that, to the extent the allegations set forth in paragraph 14 of Exhibit 1 hereto relate to Your employment at the Cactus Processing Facility, those allegations are true and correct.

**RESPONSE: Admit.**


3.      Admit that, while You were employed by Swift at the Cactus Processing Facility, You never held a supervisory position, *i.e.*, you did not have the authority to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other Swift employees.

**RESPONSE: Admit.**


4.      Admit that you have never been employed at any of the Other Swift Processing Facilities.

**RESPONSE: Admit.**


**PLAINTIFF GRACIE RIOS' FIRST SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND
SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION,
INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**S245**

**Page 4**

## INTERROGATORIES

1.  Is Your response to each Request for Admission above an unqualified admission (*i.e.*, one in which Your response is either "Admit" or "Yes")? If not, for each response that is not an unqualified admission, state separately the following as to each such Request for Admission:

    a.  Explain the basis for your partial or complete denial of the Request for Admission and state all facts upon which You base Your response;

    b.  Identify all Persons who have knowledge of those facts; and

    c.  Identify all Documents that support Your response to this Interrogatory.

**RESPONSE:** Yes.

2.  During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had hired any Persons at the Cactus Processing Facility who were not legally authorized to be employed in the United States. If Your response is yes, then provide separately the following:

    a.  All information You obtained or which came to Your attention while You were a Swift employee indicating that Swift had hired Persons at the Cactus Processing Facility who were not legally authorized to be employed in the United States;

    b.  Identify all Persons employed by Swift at the Cactus Processing Facility while You were a Swift employee who You believed were not legally authorized to be employed in the United States; and

    c.  Identify all Documents that support Your response to this Interrogatory.

**RESPONSE:** Yes.

    a.  **They were getting paid less, people talked, and Amanda told me that she was filling out papers for illegal people. Also their names in the hard hats were English and they did not speak any English.**

    b.  **I did not know their names.**

    c.  **None.**

PLAINTIFF GRACIE RIOS' FIRST SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND
SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION,
INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

S246

Page 5

3.  During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had hired any Persons at the Other Swift Processing Facilities who were not legally authorized to be employed in the United States. If Your response is yes, then provide separately the following:

    a.  Describe all information You obtained or which came to Your attention while you were a Swift employee indicating that Swift had hired Persons at the Other Swift Processing Facilities who were not legally authorized to be employed in the United States;

    b.  Identify all Persons employed by Swift at the Other Swift Processing Facilities while You were a Swift employee who You believed were not legally authorized to be employed in the United States; and

    c.  Identify all Documents that support Your response to this Interrogatory.

**RESPONSE: No.**


4.  During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had assisted any Persons at the Cactus Processing Facility in obtaining false documents relating to their identity and/or immigration status, provided illegal immigrants with advice on how to avoid detection at the Cactus Processing Facility by government authorities, provided illegal immigrants with advice on how to be hired or re-hired at the Cactus Processing Facility despite their illegal immigrant status, took steps to delay or prevent immigration raids at the Cactus Processing Facility by government authorities, or warned illegal immigrants of upcoming immigration raids at the Cactus Processing Facility by government authorities. If Your response is yes, then provide separately the following:

    a.  All information You obtained or which came to Your attention which You were a Swift employee indicating that Swift engaged in any such activities at the Cactus Processing Facility;

    b.  Identify all Swift employees who participated in or who You believe was aware of any such activities; and

    c.  Identify all Documents that support Your response to this Interrogatory.

**RESPONSE: No.**

**PLAINTIFF GRACIE RIOS' FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**S247**

**Page 6**

5.    During the time You were a Swift employee, state whether You were aware of any information indicating that Swift had assisted any Persons at the Other Swift Processing Facilities in obtaining false documents relating to their identity and/or immigration status, provided illegal immigrants with advice on how to avoid detection at the Other Swift Processing Facilities by government authorities, provided illegal immigrants with advice on how to be hired or re-hired at the other Swift processing Facilities despite their illegal immigrant status, took steps to delay or prevent immigration raids at the Other Swift Processing Facilities by government authorities, or warned illegal immigrants of upcoming immigration raids at the Other Swift Processing Facilities by government authorities. If Your response if yes, then provide separately the following:

    a.    Describe all information You obtained or which came to Your attention while You were a Swift employee indicating that Swift engaged in any such activities at the Other Swift Processing Facilities;

    b.    Identify all Swift employees who participated in or who You believe was aware of any such activities; and

    c.    Identify all Documents that support Your response to this Interrogatory.

**RESPONSE:** No.

PLAINTIFF GRACIE RIOS' FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

S248

Page 7

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    All Documents upon which You relied in responding to the Requests for Admission and Interrogatories above.

**RESPONSE: None.**

2.    All Documents identified in Your responses to the Interrogatories above.

**RESPONSE: None.**

3.    All Documents relating to any type of fee agreement You have entered into with Your attorneys relating to this litigation, including the "contingency fee contracts" referenced at page 12 of Plaintiffs' Brief in Support of Motion for Class Certification.

**RESPONSE: Plaintiff will produce.**

**PLAINTIFF GRACIE RIOS' FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS SWIFT BEEF COMPANY AND SWIFT & COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**S249**

**Page 8**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLANCA VALENZUELA, et al. | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | No. 3:06-CV-2322-N |
| | § | |
| SWIFT BEEF COMPANY, INC. D/B/A | § | |
| SWIFT COMPANY, et al. | § | |
| | § | |
| Defendants. | § | |

## VERIFICATION

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF _Ector_ | § |

BEFORE ME, the undersigned authority, on this day personally appeared GRACIE RIOS, known to me to be the person whose name is subscribed to the foregoing document and upon her oath, stated that she executed these interrogatory responses in her capacity as Plaintiff in the above styled and numbered cause and that she has read such answers and that they are true and correct to the best of her knowledge.

_Grace Rios_
GRACIE RIOS

Sworn to and subscribed before me, the undersigned authority, on this the 1Z day of August, 2008, to certify which witness my hand and seal of office.

_Cynthia Rodriguez_
NOTARY PUBLIC, in and for the
State of Texas
My commission expires: June 26, 2012

CYNTHIA RODRIGUEZ
MY COMMISSION EXPIRES
June 26, 2012

**S250**